Filed 6/17/14  P. v. Rabon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057295 |
| v. | (Super.Ct.No. RIF1201502) |
| SHETIKA ANN RABON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Dismissed.

James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Shetika Ann Rabon appeals after a guilty plea to offenses arising out of an alcohol-related motor vehicle accident, which killed another motorist. She argues that her convictions in counts 2 and 3 should be dismissed as lesser included offenses to her conviction in count 1. She also contends that she is entitled to additional presentence custody conduct credits, and to a reduction in some assessed fees, if counts 2 and 3 are dismissed. The issue as to counts 2 and 3, whether defendant can be convicted of lesser included offenses, is not cognizable on this appeal, because defendant never sought a certificate of probable cause as to that issue. Because defendant has not raised a proper and timely challenge to the validity of her convictions in counts 2 and 3, there is no basis to modify the fees assessed as to each convicted count. The appeal is dismissed.

FACTS AND PROCEDURAL HISTORY

In March 2011, defendant was driving her car on a highway in Riverside County. Defendant was under the influence of alcohol at the time, with a measured blood alcohol level of approximately 0.16 percent. She drove her car across double yellow centerlines, and struck an oncoming vehicle driven by Wilfredo Garcia. Garcia was killed as a result of the collision.

Defendant was charged in a felony complaint with vehicular manslaughter while driving under the influence of alcohol (Pen. Code, § 191.5, subd. (b), Veh. Code, §§ 23152, 23153) (count 1), and with a great bodily injury enhancement (Pen. Code, §§ 1192.7, 1192.8). In count 2, the complaint also charged defendant with driving under the influence, causing death or bodily injury (Veh. Code, § 23153, subd. (a)), and in

2

count 3 with driving with a blood alcohol level over 0.08 percent, and causing death or bodily injury (Veh. Code, § 23153, subd. (b)). The complaint alleged, with respect to counts 2 and 3, that defendant had personally inflicted great bodily injury or death on the victim (Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8)).

In open court, defendant pleaded guilty to all three counts, and admitted the special allegations with respect to counts 2 and 3. The trial court struck the special allegation with respect to count 1 on motion of the prosecutor. Defendant raised the point, however, that counts 2 and 3 were necessarily included offenses to the charge in count 1, and argued that she could not be convicted of all three. Indeed, the plea agreement itself had indicated as much. After some argument on the issue, defense counsel asked the trial court to determine, at the sentencing hearing, whether the charges in counts 2 and 3 should be dismissed.

At sentencing, the trial court imposed a prison term of two years on count 1. The court imposed, but stayed (Pen. Code, § 654), prison sentences of two years each as to counts 2 and 3. The trial court did strike the great bodily injury enhancements as to counts 2 and 3.

3

The court awarded defendant credit for eight days of actual presentence custody, plus one day of conduct credit under Penal Code section 2933.1. The court further imposed a booking fee of $450.34, a court operation assessment fee of $120 ($40 per convicted charge) and a criminal conviction assessment fee of $90 ($30 per convicted charge).[1] The court ordered victim restitution in the amount of $12,000.

Defendant filed a timely notice of appeal.

ANALYSIS

I. The Convictions in Counts 2 and 3 Were Lesser Included Offenses to the Charge in Count 1, But Defendant Failed to Apply for a Certificate of Probable Cause to Review the Issue

Multiple convictions of greater and necessarily included lesser offenses are not permitted. (*People v. Pearson* (1986) 42 Cal.3d 351, 355.) Defendant maintained below, during the plea proceedings, that the offenses in counts 2 and 3 were lesser included offenses to the charge in count 1.

In fact, the plea agreement defendant signed contains an advisement that she "will enter a guilty plea to the following charges and enhancements: CT 1—191.5 (b) (dismiss GBI allegation per 12022.7(g)) [¶] CTS 2 & 3 are lesser included offenses."

---

[1] In her opening brief, defendant argued that the booking fee imposed by the trial court was improper. In her reply brief, defendant concedes the propriety of the booking fee. (*People v. McCullough* (2013) 56 Cal.4th 589.)

4

In oral proceedings, however, the following discussion took place:

"THE COURT: . . . [I]t's a plea to the Court, and it's going to be Counts 1 and 2 and 3. Okay.

"[DEFENSE COUNSEL]: Well, Your Honor, that's the issue that we discussed in chambers. Counts 2 and 3 are necessarily included lesser offenses. There's case law on point. She can't be convicted of all three. And so what we wanted to do was plead to Count 1 today.

"THE COURT: Yes.

"[DEFENSE COUNSEL]: Sentencing is going to be October 9th. And we can write our sentencing memorandums at that point in time.

"THE COURT: Okay. Well, I agree on Counts 2 and 3, they are 654 to each other.

"[DEFENSE COUNSEL]: Correct.

"THE COURT: And—but you can plead guilty, you just can't be punished for both.

"[DEFENSE COUNSEL]: Actually, Your Honor, there is an issue with being convicted of both a 191.5 and the 23153s because they are lesser includeds. There is new case law on that.

"THE COURT: Right. And I'm pretty sure I agree with you there too. But I just don't—I think you can plead—be convicted. I just don't think you can be punished. But if you think they can't even be convicted, I need to look at a case or something.

5

"[THE PROSECUTOR]:  There is a split of authority.  If we can discuss that issue at sentencing, that would be great."

The court then proceeded to accept guilty pleas as to all three counts and set the sentencing hearing.

Defendant filed a sentencing memorandum, arguing that the offenses in counts 2 and 3 were lesser included offenses to the charge in count 1.  She argued, "[f]or the purposes of determining the propriety of multiple convictions, an offense is necessarily included in another offense if the crimes are defined in such a way as to make it impossible to commit the greater offense without also committing the lesser offense." (Citing *People v. Pearson*, *supra*, 42 Cal.3d 351, 355.)  She argued that, "[w]hen the focus of the analysis is directed at PC § 191.5, rather than manslaughter in general, it becomes apparent that VC § 12153(a) is also necessarily included in PC § 191.5, since one who injures a person while driving under the influence commits a violation of VC [§] 23153, and if that person dies from that injury a violation of PC § 191.5 has occurred."  (Citing *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1466 (*Miranda*).)  Defendant also relied on *People v. Binkerd* (2007) 155 Cal.App.4th 1143 (*Binkerd*) for the proposition that a defendant cannot be convicted of both vehicular manslaughter and driving under the influence, "since both offenses require[d] proof the defendant was driving under the influence of alcohol when she violated the law, crossing the double yellow [center] lines.  The defendant could not commit a violation of count 1 without

6

injuring that same victim, as charged in count 2." (Citing *Binkerd*, *supra*, 155 Cal.App.4th 1143 at p. 1148.)

Alternatively, defendant argued that, at the least, she could be punished only for the vehicular manslaughter crime, and the sentences for the other offenses should be stayed under Penal Code section 654.

The People's sentencing memorandum argued that the defendant in *In re Pope* (2010) 50 Cal.4th 777 (*Pope*) pleaded guilty to gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)), as well as both driving under the influence of drugs or alcohol, causing injury (Veh. Code, § 23153, subd. (a)) and driving with an unlawful blood alcohol level, causing injury (Veh. Code, § 23153, subd. (b)). The defendant also admitted enhancement allegations that the Vehicle Code offenses caused great bodily injury. (Pen. Code, § 12022.7, subd. (a).) The primary issue presented in *Pope* was whether the conduct custody credits were properly calculated. The prosecutor below, however, relied on *Pope* to argue that "the court in *Pope* would not have engaged in a determination of the appropriateness of the good time [custody] credits awarded to [the] defendant . . . . The Supreme Court would never have reached the question of credits in the *Pope* case if they agreed with the *Binkerd* and the *Miranda* courts' holding. Instead, the court would have been forced to reject the plea outright due to duplicative and unlawful convictions of necessarily included offenses, and would never have reached the credits determination as it would have been an outright unlawful sentence. The second reason the *Pope* court's ruling is significant is because it is . . . a recent decision

by the California Supreme Court and thus is unquestionably binding on this court. Consequently, the People request that the defendant be sentenced on all counts where she suffered a conviction."

At the sentencing hearing, defense counsel raised the issue again: "Actually, Your Honor, there's going to be an issue because there's a third issue that we do need to resolve regarding the lesser includeds, whether you are going [to] rule they are lesser includeds because that will affect the credits.

"THE COURT: Right. There are two lesser included offenses. Well, just one really, 23152(a) with a 12202.7.

"[DEFENSE COUNSEL]: Correct, Your Honor.

"THE COURT: And the other one's a 23153(b) with a 12022.7. Those are just the same crimes looking at them in different ways.

"Yes, it's a lesser included offense—and actually I found a case that addresses that issue. And in that case the court was told to strike the GBI and to punish the person for the greater, which is the 192.5. And that's what we're doing here. And so the—on the lesser count—that's the 23152(a). On that one, she's sentenced to the midterm two years, but pursuant to Section 654, it's stayed because it's the same conduct. And the 12022.7 is stricken. Same thing for Count 3 . . . the 23152[, subdivision] (b). That one—again it's the midterm of two years, but it's stayed pursuant to 654, meaning that it's the same conduct that created all of these crimes. And the 12022.7 GBI is stricken. Okay. So that's the sentence."

8

The court appeared on the one hand to accept that the charges in counts 2 and 3 were lesser included offenses to the charge in count 1, but nevertheless proceeded to impose (and stay) sentences on each of them. Defense counsel objected: "And just for the record, I would simply like to note, as I stated in my brief regarding the lesser includeds, I don't believe that she can be sentenced under 654. I believe the conviction actually has to be reversed and the great bodily injury stricken. So I do want to note that for the record. . . . [¶] . . . [¶] So we are objecting to a sentence on the lesser included, because I don't believe we get there once she's sentenced on the greater offense."

In determining whether one offense is a necessarily included lesser offense to another offense, the California courts apply two general tests, the "elements test" and the "accusatory pleading test." When a defendant has been convicted of two charged offenses, and it is asserted that one is a lesser included offense to the other, we look solely to the statutory elements test. (*People v. Reed* (2006) 38 Cal.4th 1224, 1229 (*Reed*).) "'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.' ([*Reed*, *supra*, 38 Cal.4th] at p. 1227.) In other words, "'[i]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former."'" (*Ibid*., quoting *People v. Lopez* (1998) 19 Cal.4th 282, 288 [79 Cal.Rptr.2d 195, 965 P.2d 713].)" (*People v. Sanders* (2012) 55 Cal.4th 731, 737.)

Penal Code section 191.5, subdivision (b) provides: "Vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, but without gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, but without gross negligence."

Vehicle Code section 23153, subdivision (a), provides: "It is unlawful for any person, while under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." Vehicle Code section 23153, subdivision (b), provides: "It is unlawful for any person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."[2]

---

[2] Vehicle Code section 23153, subdivisions (a) and (b) as provided in the version of the statute effective until January 1, 2014. As of January 1, 2014, Vehicle Code former section 23153 is repealed, and a new version becomes effective. (See Stats. 2012, ch. 753, § 5 (AB 2552), effective January 1, 2013, operative January 1, 2014.)
Vehicle Code section 23153, as effective on January 1, 2014, provides in subdivisions (a) and (b):

*[footnote continued on next page]*

Notably, violation of Vehicle Code section 23153 (presumably, either under Veh. Code, § 23153, subds. (a) or (b)) is a part of the definition of vehicular manslaughter under Penal Code section 191.5, subdivision (b).  When the conviction of vehicular manslaughter under Penal Code section 191.5, subdivision (b) is based on a single act or event, which is found to violate Vehicle Code section 23153 subdivision (a) or subdivision (b) (or both), the conviction for violation of Vehicle Code section 23153, subdivision (a) or subdivision (b) is an element of the greater offense, and the Vehicle Code violations are then also necessarily included lesser offenses to the greater (vehicular manslaughter) offense.

_____

*[footnote continued from previous page]*

"(a)  It is unlawful for a person, while under the influence of any alcoholic beverage to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver.

"(b)  It is unlawful for a person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver.

"In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after driving."

The difference in the two versions of Vehicle Code section 23153, subdivisions (a) and (b) lies in the rebuttable presumption provision in subdivision (b).

On appeal, the People have abandoned the thesis, argued below, that the Vehicle Code violations were not necessarily included offenses. The People have conceded that Vehicle Code section 23153, subdivisions (a) and (b), are lesser included offenses to Penal Code section 191.5, subdivision (b). (Citing *Binkerd, supra,* 155 Cal.App.4th at pp. 1147-1150; *Miranda, supra,* 21 Cal.App.4th at pp. 1466-1468.)[3]

Instead, the People argue that defendant is barred from raising the issue on appeal, first, because she failed to obtain a certificate of probable cause; second, because she waived the issue in accepting the plea deal; and, third, because her argument represents an impermissible effort to improve her plea agreement on appeal.

Taking the issues in inverse order, we reject the contention that the argument on appeal is an impermissible effort to improve defendant's plea bargain on appeal. (Citing *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*), and *In re Giovani M.* (2000) 81 Cal.App.4th 1061 (*Giovani M.*).) In *Hester*, *supra*, 22 Cal.4th 290, the defendant pleaded no contest to five substantive counts and an allegation of personal use of a weapon, in exchange for a stipulated four-year prison term. The court sentenced defendant to the four-year term as agreed, and imposed (improperly) concurrent sentences on the remaining counts. On appeal, the defendant argued that the sentences on the additional counts were unauthorized, because they should have been stayed pursuant to Penal Code

---

[3] The People argued below that the California Supreme Court in *Pope, supra,* 50 Cal.4th 777, had impliedly overruled *Binkerd* and *Miranda* on the issue, even though that issue had not been squarely presented in *Pope*. The People do not renew that argument on appeal.

section 654.  (*Hester, supra*, 22 Cal.4th at pp. 293-294.)  The California Supreme Court rejected the claim, even though the defendant's argument was in substance correct, that the additional sentences were unauthorized and should have been stayed.  The reviewing court deemed itself unable to reverse the sentences, because, "[w]here the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*Id*. at p. 295.)

In *Giovani M*., *supra*, 81 Cal.App.4th 1061, the Court of Appeal applied the *Hester* rationale in the context of a bargained-for conviction on two charges, one of which was a lesser included offense to the other.  Pursuant to a negotiated agreement, a minor agreed to admit two counts alleged in the petition, in exchange for a maximum commitment term of five years two months; other more serious charges were dismissed.  On appeal, the minor argued that his admission of one of the charges should be vacated or set aside, because it was a necessarily lesser included offense to the other admitted charge.  However, the court found that, "when the minor chose to accept the bargain with the juvenile court in order to avoid a longer maximum period of confinement, the minor waived any right to claim that the court was precluded from sustaining the petition on count 3 even if it could be viewed as an act in excess of jurisdiction for the court to

sustain count 3." (*Id.* at p. 1065, citing *Hester*.) The court repeated the notion, spelled out in *Hester*, that binding the minor to his bargain, even when the trial court may have acted in excess of its jurisdiction, was "necessary because a person who has received the benefit of their bargain should not be allowed to 'trifle with the courts' by attempting to better the bargain through the appellate process." (*Ibid.*)

In *Giovani M.,* "if the minor was successful in having his admission to count 3 vacated, the entire arrangement under which counts 2 and 3 were admitted and counts 1 and 4 were dismissed would no longer be viable. Upon remand, the entire matter including all counts and special allegations would once again be before the juvenile court and the minor would once again be potentially subject to a longer period of custody than he originally bargained for." (*Giovani M.*, *supra*, 81 Cal.App.4th at p. 1065, fn. 3.) Accepting the minor's argument on appeal would render the entire bargain untenable. Moreover, the minor had "obtain[ed] a substantial benefit in maximum confinement time, and the dismissal of a potential strike," so that he should not then be allowed to "'trifle with the courts' by trying to receive even a better bargain in the appellate court." (*Id.* at p. 1065.) Even more importantly, the appellate court rejected the contention that one of the pleaded offenses was a necessarily lesser included offense to the other. (*Id.* at pp. 1065-1066.)

Here, in contrast to *Hester* and to *Giovani M.*, defendant did not agree as part of her bargain to plead guilty to counts 2 and 3. The plea agreement she signed specified that she would plead only to count 1, precisely because counts 2 and 3 were lesser included offenses. The trial court expressly agreed with defendant that the offenses were lesser included offenses, but believed, erroneously, that defendant could be required to plead to all charges, including the lesser included offenses; the court took the view that a defendant could be convicted of both greater and lesser offenses, but merely could not be punished for both. Under compulsion of the trial court's legal error, defendant was required to enter pleas to all three counts, in spite of her written plea agreement to the contrary. Even so, she entered guilty pleas to all three counts with the specific proviso that the issue would be reserved for and decided at the sentencing hearing, after briefing by the parties.

In these circumstances, defendant is hardly "trifl[ing] with the courts" to "better [her] bargain" on appeal. Rather, the trial court "trifle[d] with" defendant and wrongfully refused to honor the bargain defendant had made. Generally, "a plea agreement is interpreted according to the same rules as other contracts . . . ." (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344; accord, *People v. Vargas* (2001) 91 Cal.App.4th 506, 533.) "It is settled that 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' (*Santobello v. New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 92 S.Ct. 495].) 'The [United States] Supreme Court has thus

15

recognized that due process applies not only to the procedure of accepting the plea [citation], but that the requirements of due process attach also to implementation of the bargain itself. It necessarily follows that violation of the bargain by an officer of the state raises a constitutional right to some remedy.' (*People v. Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211]; accord, *People v. Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861] ['When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.'].)" (*People v. Paredes* (2008) 160 Cal.App.4th 496, 507.) Here, there was not a plea bargain between defendant and the prosecution, but defendant nevertheless agreed to plead guilty only to count 1, she asserted at all times—in the written plea agreement, by objection at the time the court took the plea, by reserving the issue of the lesser included offenses for decision at the sentencing hearing, by written briefing in advance of the sentencing hearing, and by argument at the sentencing hearing itself—that the plea to the greater offense rendered unlawful any conviction on the lesser included offenses. The trial court, as an arm of the judicial branch, was the state agency party to the agreement with defendant. The trial court agreed with defendant that the offenses in counts 2 and 3 were lesser included offenses to the charge in count 1, but insisted, contrary to law, that defendant had to plead guilty to these additional offenses. The court was charged with the duty to know, and to fairly apply, the law; instead, the court altered the bargain defendant had made, to achieve a result that was beyond the court's power.

16

Defendant here is not trying to better her bargain on appeal; she seeks to restore the terms of the bargain she actually made.

Defendant also did not waive the issue by "accepting" a "plea deal." The trial court maintained, notwithstanding defendant's written agreement to plead to count 1, that it could require defendant to be convicted on all three counts, both the greater offense and the two lesser included offenses. This was clear legal error. At the time of actually taking the pleas, defendant acted under compulsion of the trial court's insistence that she enter guilty pleas to all three counts, but she expressly reserved the issue for decision at the time of the sentencing hearing, after the parties had had the opportunity to submit written authorities to the court. The court agreed. In fact, the court acknowledged that counts 2 and 3 were lesser included offenses, but mistakenly believed defendant could be convicted of, but not sentenced for, both. The court stated, "[b]ut if you think they can't even be convicted, I need to look at a case or something." Effectively, defendant made a conditional plea: the pleas to the lesser included offenses were made only to acquiesce in the court's insistence on proceeding in that manner, subject to the court's correction of its error once it had reviewed the authorities stating that an accused may not be convicted of both a greater and a lesser included offense. As it happened, the court failed to make the correction, despite the clear law on the issue. Defendant objected clearly at every stage of the proceedings; the issue has not been waived or forfeited on the ground of failure to object. (See *People v. Scott* (1978) 21 Cal.3d 284, 290 ["In a criminal case, the objection

17

will be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented."].)

Having cleared two of three fences, however, defendant's claim falls fatally at the third: she did not obtain a certificate of probable cause. A certificate of probable cause is required when an appeal is taken after a plea of guilty or nolo contendere, and the issue or ground of appeal goes to the validity of the plea. Under California Rules of Court, rule 8.304(b)(4), however, "(4) The defendant need not comply with (1) if the notice of appeal states that the appeal is based on: [¶] (A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity."

Even though the trial court considered the issue—whether defendant could be convicted of both greater and lesser included offenses—at the sentencing hearing, and thus its final decision occurred "after [defendant's initial] entry of the plea," there can be no question that the issue is not merely a matter of sentencing or post-plea occurrences, but fundamentally attacks the validity of the pleas themselves, as to counts 2 and 3. Defendant was therefore required to seek and obtain a certificate of probable cause.

California Rules of Court, rule 8.304 (formerly rule 31) provides in relevant part: "(a) . . . [¶] (1) To appeal from a judgment or an appealable order of the superior court in a felony case—other than a judgment imposing a sentence of death—the defendant or the People must file a notice of appeal in that superior court. To appeal after a plea of guilty or nolo contendere or after an admission of probation violation, the defendant must

also comply with (b)." (Cal. Rules of Court, rule 8.304(a)(1).) California Rules of Court, rule 8.304(b) states: "(b) . . . [¶] (1) Except as provided in (4), to appeal from a superior court judgment after a plea of guilty or nolo contendere or after an admission of probation violation, the defendant must file in that superior court—with the notice of appeal required by (a)—the statement required by Penal Code section 1237.5 for issuance of a certificate of probable cause.

"(2) Within 20 days after the defendant files a statement under (1), the superior court must sign and file either a certificate of probable cause or an order denying the certificate.

"(3) If the defendant does not file the statement required by (1) or if the superior court denies a certificate of probable cause, the superior court clerk must mark the notice of appeal 'Inoperative,' notify the defendant, and send a copy of the marked notice of appeal to the district appellate project.

"(4) The defendant need not comply with (1) if the notice of appeal states that the appeal is based on: [¶] (A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity.

19

"(5) If the defendant's notice of appeal contains a statement under (4), the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies with (1)."

In *People v. Mendez* (1999) 19 Cal.4th 1084 (*Mendez*), the California Supreme Court held (under the former rule, rule 31) that the application for a certificate of probable cause must be completed in a full and timely fashion. Because a notice of appeal must be timely filed within 60 days after judgment, and because the trial court must act on an application for a certificate of probable cause within 20 days after the statement requesting a certificate has been filed, the outside time limit for seeking or obtaining a certificate of probable cause is a maximum of 80 days. (*Id*. at pp. 1095-1096.)

Had defendant here timely applied for, and been denied, a certificate of probable cause, she could have sought review of any alleged erroneous denial by writ. However, she patently failed to seek a certificate of probable cause, timely or otherwise, even though the root of the issue she raised is the validity of her guilty pleas to counts 2 and 3.

In accordance with *Mendez*, *supra*, 19 Cal.4th 1084, and the requirements of strict compliance with Penal Code section 1237.5, we are without jurisdiction to review the issue raised in the appeal. (*Mendez*, *supra*, 19 Cal.4th at p. 1099 ["[T]he defendant may not obtain review of certificate issues unless he has complied with section 1237.5 and rule 31(d), first paragraph, fully, and, specifically, in a timely fashion—that is to say, unless he has done what they require, how they require, and when they require. Plainly,

20

he has not complied with them fully unless he has complied with them in a timely fashion. For, as indicated, their demands extend beyond *what* and *how* to *when*. If he has complied only 'substantially,' he has not complied sufficiently; and if he has not complied sufficiently, he has not complied at all."].)

Because defendant failed to obtain a certificate of probable cause, and because the essence of her claim undermines the validity of the convictions and pleas on counts 2 and 3, we are without jurisdiction to hear the matter as to this issue. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 89, fn. 15.) Accordingly, we must order the appeal dismissed.[4]

Our conclusion is strengthened by this court's recent decision in *People v. Zuniga* (Apr. 28, 2014, E057444) __ Cal.App.4th __ [Fourth Dist., Div. Two] in which we held that the failure to obtain a certificate of probable cause barred a challenge to the factual basis for a no contest plea.

---

[4] Defendant did raise an issue—fees imposed at sentencing—that ordinarily are non-certificate issues, which may be raised and heard on appeal in the absence of a certificate of probable cause. However, in this instance, defendant's challenge to the court operation fees and assessment fees is dependent upon her primary argument, that the convictions on counts 2 and 3 were not valid. Under these circumstances, the failure to preserve the certificate issue effectively defeats the non-certificate sentencing (fees) issue.

21

## DISPOSITION

Defendant failed to preserve her primary issue for review on appeal because she did not apply for a certificate of probable cause. Her non-certificate issue was dependent upon review of the certificate issue; the failure to preserve the one, defeats the other. Because of the failure to seek a certificate of probable cause, the issue(s) raised are not cognizable on appeal. The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MCKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

CODRINGTON
J.