[No. B136918. Second Dist., Div. Five. June 26, 2000.]

In re GIOVANI M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
GIOVANI M., Defendant and Appellant.

COUNSEL

Lisa M. Bassis, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Lori R. Mars, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WEISMAN, J.[*]—

## I. INTRODUCTION

In a petition filed on August 3, 1999, it was alleged that appellant Giovani M. was a minor who came within the provisions of Welfare and Institutions Code section 602 in that the minor was 17 years old on July 30, 1999, and on that date committed four felony offenses. It was alleged he committed: (1) assault with a firearm, and that he personally used a firearm in the commission of the offense (Pen. Code, §§ 245, subd. (a)(2), 12022.5, subds. (a) & (d); count 1); (2) unlawful discharge of a firearm with gross negligence (Pen. Code, § 246.3; count 2); (3) unlawful possession by a minor of a firearm capable of being concealed upon the person (Pen. Code, § 12101, subd. (a)(1); count 3); and (4) unlawful possession of a firearm while in violation of an express condition of probation prohibiting such activity (Pen. Code, § 12021, subd. (d); count 4).

Pursuant to an agreement that the minor would receive an aggregated commitment to the California Youth Authority for a maximum of five years and two months on the instant petition[1] and all other previously sustained petitions, the minor waived his rights and admitted the truth of the allegations in counts 2 and 3. The juvenile court sustained the petition and found the minor was a person described in Welfare and Institutions Code section 602. In the interest of justice, the juvenile court dismissed the more serious allegation in count 1 and the enhancement and strike allegation accompanying that count, as well as the allegation in count 4.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]We note that the minor faced a potential maximum commitment of 14 years on count 1 alone, because of the allegation of personal firearm use.

At the disposition hearing, the juvenile court followed the agreement it reached with the minor, and the minor was committed to the Youth Authority for a maximum aggregated period of five years and two months. The juvenile court imposed three years for count 2 and eight months for count 3, and then aggregated a total of 18 additional months for five previously sustained petitions involving misdemeanors. Credit was awarded for 938 days previously spent in custody.

The minor appealed from the dispositional order committing him to the Youth Authority. He contends that the juvenile court erred when it sustained the petition on counts 2 and 3, because count 3 constituted a necessarily included offense of count 2. He therefore argues that the petition should only have been sustained as to count 2. He further contends that the juvenile court violated Penal Code section 654 when it imposed an additional eight months for count 3, because counts 2 and 3 constituted a single indivisible transaction. We reject the minor's contentions and affirm the orders of the juvenile court.

## II. FACTUAL SUMMARY[2]

On July 30, 1999, at approximately 2:15 p.m., the minor and two other people were chasing two men from 7th Street onto Beacon Avenue. The minor was firing a handgun in the direction of the two men. Altogether, the minor fired four shots. The minor was described as a "possible 'Orphan' gang members." When police responded to the vicinity of the shooting they observed the minor and another person run out of the Casa Senora Hotel located at 729 South Union Avenue. The minor ran down Cambria Street from Union Avenue and looked at the officers as he ran. The minor was observed reaching down toward his front waistband as he ran. The police detained the minor and the other person who was running. A witness who had observed the shooting was contacted by the police. The police conducted an in-field showup and the witness positively identified the minor as the person who he had seen firing the handgun. The police found nine-millimeter casings on the sidewalk at 7th Street and Beacon Avenue.

## III. DISCUSSION

### A. *The Propriety of the Minor's Admission of the Allegation in Count 3*

 The minor contends that his admission to count 3 of the petition was improper because count 3 was a necessarily included offense of count 2 and the juvenile court erred in accepting the admission and sustaining the

---

[2]The facts are taken from the probation report.

petition as to both counts 2 and 3. He argues that his admission as to count 3 should be set aside and the matter remanded for a new disposition hearing.[3] ▮▮▮ We find that when the minor chose to accept the bargain with the juvenile court in order to avoid a longer maximum period of confinement, the minor waived any right to claim that the court was precluded from sustaining the petition on count 3 even if it could be viewed as an act in excess of jurisdiction for the court to sustain count 3. (*People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569] [where a defendant has pleaded guilty in return for a specified sentence an appellate court will not find error even though the trial court acted in excess of its jurisdiction as long as the trial court had fundamental jurisdiction over the case].) This rule is necessary because a person who has received the benefit of their bargain should not be allowed to "trifle with the courts" by attempting to better the bargain through the appellate process. (*Ibid.*)

The minor argues that *Hester* is distinguishable because it involved an adult defendant and not a minor in a juvenile proceeding. But we see no difference that justifies a policy that would allow a minor to obtain a substantial benefit in maximum confinement time, and the dismissal of a potential strike, and then allow the minor to "trifle with the courts" by trying to receive even a better bargain in the appellate court. Indeed, reinforcing the policy that one should honor a bargain may even assume greater importance in the juvenile court where wards can presumably benefit from treatment and reformative educational discipline. To accept the minor's argument would result in limiting the ability of minors and the juvenile courts to craft mutual agreements that are in the best interest of a minor and society, and would create a situation where minors were not bound by agreements they entered into and benefited from. We find that the rationale behind *Hester* applies equally to juvenile cases and reject the minor's contrary contention.

▮▮▮ Additionally, we reject the contention that the admission to count 3 was improper because count 3 was a necessarily included offense of count 2. In *People v. Ortega* (1998) 19 Cal.4th 686, 692 [80 Cal.Rptr.2d 489, 968 P.2d 48], the court noted an offense is necessarily included within a charged offense if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, or if the charging allegations of the accusatory pleading include language describing the offense in

---

[3] We note that if the minor was successful in having his admission to count 3 vacated, the entire arrangement under which counts 2 and 3 were admitted and counts 1 and 4 were dismissed would no longer be viable. Upon remand, the entire matter including all counts and special allegations would once again be before the juvenile court and the minor would once again be potentially subject to a longer period of custody than he originally bargained for.

such a way that if committed as specified the lesser offense is necessarily committed. We find that count 3 is not a necessarily included offense of count 2 because it is possible to commit count 2 without committing count 3, and because count 2 is alleged in the language of the statute and does not specify that a violation of count 2 would constitute the commission of count 3.

Count 2 simply alleges discharge of a firearm with gross negligence, and that offense can be committed through the use of any firearm, including a rifle or shotgun. Count 3 specifically alleges possession of a firearm "capable of being concealed upon the person." Thus, under the statutory definition of count 2 it is possible to commit count 2 with a firearm that is not concealable, and its commission in that manner would not also violate count 3. Since count 2 can be committed without committing count 3, we hold that count 3 is not a necessarily included offense of count 2. This being the case, the minor could properly admit the allegations contained in both counts 2 and 3 and no error occurred.

## B. *Penal Code Section 654 Issues*

 The minor contends that even if the petition was properly sustained as to both counts 2 and 3, the juvenile court nevertheless violated the prohibition on double punishment contained in Penal Code section 654 when it imposed a consecutive eight-month term on count 3 after imposing three years on count 2. We find that the minor waived any rights he enjoyed under Penal Code section 654 by accepting a more lenient maximum term of confinement than he might otherwise have received and thereby avoiding a potentially harsher commitment that could have resulted if he had not chosen to enter into the agreement for the specified term. (*People v. Hester, supra*, 22 Cal.4th at p. 295 [defendant is estopped to complain that a sentence he agreed to violated the prohibition on double punishment in Pen. Code, § 654 and is considered to have waived such issues by accepting a plea bargain for a specified sentence].) In the preceding part of this opinion, we found that the rationale behind *Hester* applied to juvenile cases where a minor admitted allegations of a petition in return for a specified maximum term of confinement, and we now apply the holding of *Hester* to also preclude consideration of the Penal Code section 654 issue raised for the first time on appeal by the minor in the instant case. We thus conclude that the minor waived and abandoned any claim under Penal Code section 654 when he agreed to the favorable agreement below that drastically limited his potential term of confinement and resulted in the dismissal of more serious charges and enhancement allegations.

## IV. Disposition

The order appealed from is affirmed.

Turner, P. J., and Armstrong, J., concurred.