Filed 9/19/13  P. v. Wozniski CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARIO JOSEPH WOZNISKI,<br><br>    Defendant and Appellant. | H037538<br>(Monterey County<br>Super. Ct. Nos. SS110113 &<br>SS091047) |

Defendant Dario Joseph Wozniski appeals a judgment following a jury trial during which he was convicted of five felony counts related to a sexual assault.  On appeal, he asserts the trial court erred in his sentencing, because his conviction for attempted forcible oral copulation is a lesser included offense to assault with intent to commit oral copulation by force or fear or sexual penetration by force or fear.  (Penal Code, §§ 220, 21a, 288a, subd. (c)(2).)[1]

### STATEMENT OF THE FACTS AND CASE

In January 2011, the victim in this case, John Doe, was homeless, and slept in a tented area behind a shopping center.  Defendant also was homeless, and shared another tent with his friend, Donde Hearne.  Doe and defendant would hang out together and drink beer near their tents.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

On January 14, 2011, Doe was at his girlfriend, Regina LeVel's house drinking beer and Schnapps. The two had an argument, and LeVel asked Doe to leave. Doe left and went to the wooded area behind the shopping center. Doe stopped at defendant's tent and joined defendant, Hearne and two women who were visiting. The group sat around a table and drank alcohol. The women left after 15 minutes.

After a while, defendant became aggressive with Doe. Defendant gripped Doe's neck in a chokehold, and forced Doe to walk with him into the woods for about 25 to 30 feet from where they were sitting. Defendant pushed Doe down and pepper sprayed him. Defendant then kicked Doe on the side of his face and pepper sprayed him again. Doe tried to sit up and get up from the ground, but defendant continued to push him down.

After dragging defendant away from where they were drinking, defendant took Doe into a tent. While there, defendant unzipped Doe's pants and pulled them down, and then performed oral sex on Doe. Doe continued to try to sit up and to resist, but each time, defendant punched him. Doe saw Hearne approach the tent, and say, "That's enough, Dario." Defendant pushed Hearne away. When the police arrived, defendant and Hearne were still arguing.

LeVel called Doe on his cell phone prior to the assault. Doe picked up the phone, and kept it connected, so LeVel was able to hear the entire interaction between Doe and defendant. LeVel heard Doe say, "Please don't hurt me. I love you guys." LeVel then heard movement, and hear Doe choking. Defendant said, "Now I have you where I want you. I could kill you if I wanted to, Brother. You know that, don't you?" LeVel heard defendant tell Doe to lick his penis. Defendant also said to Doe, "[p]ut your finger in my ass and lick it and tell me if you like it." Doe continued to ask Doe not to hurt him. LeVel heard hits and kicks, and heard Doe crying when he told defendant, "Yes, yes, that's what I want. Okay. Okay. That's what I want."

2

Following the phone call, LeVel called 911 to report the sexual assault. Before the sexual assault, defendant told LeVel that he wanted Doe "to do me." LeVel knew that defendant was not joking, and was sexually interested in Doe.

Defendant was charged in a seven-count information with assault with intent to commit a lewd and lascivious act/penetration of genitals with a foreign object (§ 220; count one), forcible oral copulation (§ 288a, subd. (c)(2); count two), false imprisonment with violence (§ 237, subd. (a); count three), use of tear gas or tear gas weapon (§ 12404.7, subd. (g); count four), prevention or dissuasion of a witness (§ 136.1, subd. (a)(1); count five), resisting an executive officer (§ 69; count six), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count seven).

Defendant was tried by a jury in August 2011. The jury found defendant guilty of counts one, three, five and seven. As to count two, the jury found defendant guilty of the lesser included offense of attempted forcible oral copulation. The jury found defendant not guilty of counts four and six. The court sentenced defendant to seven years in state prison, and defendant timely appealed.

## DISCUSSION

Defendant asserts on appeal that he could not be convicted on counts one and two because count one is a lesser included offense of count two. In addition, defendant argues the abstract of judgment should be modified to reflect the correct number of credits.

### *Lesser included offense*

Defendant was convicted after trial of assault with intent to commit oral copulation by force or fear or sexual penetration by force or fear in count one, and as to count two, defendant was convicted of the lesser included offense of attempted forcible oral copulation. (§§ 220, 21a, 288a, subd. (c)(2).) At sentencing, defense counsel argued that multiple punishment on both count one and two would be a violation of section 654.

3

The court disagreed, finding that counts one and two were not the same conduct. The court stated, "[I]t was a long series of acts by the defendant. And to say that a person can commit numerous violations against someone's body, but only be convicted of one sexual assault, there is no provision for that." The court noted further that section 220 as charged in count one refers to "assault with intent to commit mayhem, rape, sodomy, or oral copulation." Finally, the court stated, "I think there were other attempted sex acts testified to."

Although defense counsel argued that the punishment should have been stayed pursuant to section 654, on appeal, defendant asserts he cannot be convicted of both counts one and two, because they are based on the same conduct. According to section 954, "[a]n accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged . . . ." This rule has an exception in limited circumstances, where one offense is a necessarily included lesser offense of the other. Then, the lesser offense should be dismissed by the trial court. (See *People v. Pearson* (1986) 42 Cal.3d 351, 355.) "Although the reason for the rule is unclear, the court has long held that multiple convictions may *not* be based on necessarily included offenses. [Citations.]" (*Ibid.*)

An offense is a lesser included offense if "either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117, italics added.) Thus, "an offense is necessarily included within a charged offense if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, or if the charging allegations of the accusatory pleading include language

4

describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." (*In re Giovani M.* (2000) 81 Cal.App.4th 1061, 1065-1066.)

Here, the trial court was correct in its determination that count one was not a lesser included offense to count two. The two charged crimes were distinct, and the evidence supports a finding that they were based on different conduct. Specifically, count one charged defendant with assault with intent to commit oral copulation by force or fear *or* sexual penetration with a foreign object by force or fear. In count two, defendant was convicted of attempted forced oral copulation. The evidence at trial demonstrates a number of acts by defendant that could satisfy these crimes. Doe said defendant forced him down and orally copulated him. LeVel said she heard defendant kicking and punching Doe, and telling Doe to lick his penis, and to put his finger in this anus. In addition, when the police arrived at the scene, defendant came out of the tent and was pulling his own pants up, further supporting the contention that oral copulation of Doe was not the only sexual act that occurred.

Here, count one is not a lesser included offense of count two. Specifically, the statutory definition of attempted oral copulation can be committed without committing assault with intent to commit penetration with a foreign object. (See *In re Giovani M., supra,* 81 Cal.App.4th at pp. 1065-1066.) There was ample evidence at trial to support the court's finding that the crimes were separate and distinct.

### *Modification of Abstract of Judgment*

Defendant asserts the abstract of judgment must be modified to reflect the proper number of credits. Specifically, defendant argues he was entitled to 285 actual days of credit, but was only awarded 284 days at his sentencing.

The Attorney General concedes that based on the date defendant was arrested and the date he was sentenced, January 14, 2011, and October 25, 2011 respectively, defendant is entitled to 285 days of actual credit. (See, e.g., *People v. Bravo* (1990) 219

5

Cal.App.3d 729, 735 [custody credit should be computed from the date of arrest to the day of sentencing, and should included all days of custody, including the day of sentencing].)

**DISPOSITION**

The abstract of judgment is modified to reflect 285 days of actual credit.  As so modified, the judgment is affirmed.


_____
RUSHING, P.J.


WE CONCUR:


_____
PREMO, J.


_____
ELIA, J.


6