Filed 7/25/14  In re C.G. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re C.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>C.G.,<br><br>    Defendant and Appellant. | G048925<br><br>(Super. Ct. No. DL044558)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Nick A. Dourbetas, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Anthony DaSilva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

A juvenile delinquency petition, filed in April 2013 (the April 2013 petition), alleged that then 16-year-old C.G. came within the provisions of Welfare and Institutions Code section 602 because on April 20, he committed one count of assault and one count of battery.  (All further statutory references are to the Welfare and Institutions Code.)  C.G. admitted the allegations of the April 2013 petition.  He did not appeal from the juvenile court's disposition order, dated May 8, 2013, placing him on supervised probation on the terms and conditions set forth in his signed disposition agreement.

In August 2013, a second juvenile delinquency petition was filed (the August 2013 petition), which alleged C.G. had committed one count of second degree robbery.  On September 3, 2013, the juvenile court sustained the August 2013 petition, and placed C.G. on supervised probation with additional terms and conditions.

C.G. filed a notice of appeal which states he is appealing from the court's orders dated August 30, 2013 through September 3, 2013.  In his briefing on appeal, C.G. does not challenge any order issued during the time period specified in his notice of appeal, or any other ruling made in connection with the August 2013 petition.  Instead, he argues the juvenile court erred, over three months earlier, by accepting his admission to both the assault count and the battery count of the April 2013 petition, because assault is a lesser included offense of battery.

We affirm.  Although C.G. appeals from the juvenile court's order in connection with the August 2013 petition, he does not raise a single challenge to it in his briefing in this court.  C.G. acknowledges he has never filed any notice of appeal as to the May 8, 2013 disposition order, much less a notice of appeal timely filed within 60 days of the date of that order.  (Cal. Rules of Court, rule 8.406(a)(1).)  Even if we had jurisdiction to consider C.G.'s argument that the juvenile court's finding he committed assault should be reversed, his argument is without merit.  C.G. chose to accept the bargain of the

2

juvenile court to avoid a longer maximum period of confinement, and thus waived any right to claim the court was precluded from sustaining the April 2013 petition as to both the assault and battery counts.

BACKGROUND

The Orange County District Attorney filed the April 2013 petition seeking to have C.G. declared a ward of the juvenile court pursuant to section 602. The April 2013 petition alleged that on April 20, C.G. committed one count of misdemeanor assault and one count of misdemeanor battery. The detention report stated that police officers of the Anaheim Police Department were dispatched to C.G.'s residence in response to a report that an assault had occurred. C.G.'s father reported to the officers that C.G. had repeatedly struck him with a closed fist because C.G. was upset his father had turned off the television. The officers observed several cuts and bruises on C.G.'s father's face and head.

In May 2013, C.G. signed an advisement of constitutional rights form, which stated on page 1 that he admitted committing the misdemeanor assault and misdemeanor battery offenses of the April 2013 petition, each of which had a sentencing range of zero to six months. C.G. further stated the following factual basis for C.G.'s admission: "On April 20, 2013 in Orange County I did willfully and unlawfully attempt to and did commit an unlawful use of force and violence upon [my father]." C.G. also stated: "My attorney has told me that if I admit this/these charge(s), . . . as listed on page 1 of this form, the Court will: [¶] (a) Impose probation under terms as stated on the attached form. I understand my maximum possible commitment to the California Youth Authority, if I violate my probation on these charges only, is set forth on the first page of this form."

On May 8, 2013, the juvenile court found the allegations of the April 2013 petition true beyond a reasonable doubt and declared C.G. to be a ward of the court under

3

section 602. The court stated the "matter" was "a misdemeanor with [a] maximum term of confinement as 6 months," placed C.G. on supervised probation, and ordered specific terms and conditions of probation, which included C.G. serving 19 days in a juvenile institution, with credit for 19 days previously served. C.G. did not appeal from the May 8, 2013 disposition order.

On August 12, 2013, the chief probation officer filed a notice of hearing on a juvenile probation violation, which, as later amended, alleged, "[o]n 05/08/2013, the Juvenile Court ordered the ward [(C.G.)] to obey the usual terms and conditions of probation, specifically to submit to a chemical test of blood, breath, or urine as directed by the probation officer or any other peace officer and to not use any intoxicants, alcohol, or other controlled substances; including marijuana. The ward failed to obey the order, in that on or about 07/26/2013, the ward tested positive for THC."

Also on August 12, 2013, the district attorney filed a "Petition Subsequent," the August 2013 petition, alleging that "[o]n or about July 25, 2013, in violation of Section 211/212.5(c) of the Penal Code (2nd degree robbery), a felony, C[.G.] did unlawfully by means of force and fear take the personal property against the will of and from the person, possession, and immediate presence of Valerie B." (Some capitalization omitted.) Following trial, on September 3, 2013, the court found the allegation of the August 2013 petition true beyond a reasonable doubt. C.G. also admitted he had tested positive for THC, which constituted a violation of his probation.

The court ordered that C.G. continue as a ward of the Orange County Juvenile Court under section 602, and found the matter to be a felony with a maximum term of confinement of five years. The court ordered C.G. to serve 60 days in a juvenile institution, with credit for 26 days previously served, followed by supervised probation.

On September 5, 2013, C.G. filed a notice of appeal stating he "appeal[s] from the findings and orders of the court *(specify date of order or describe order)*: [¶] 8/30/13-9/3/13."

4

DISCUSSION

"A minor may appeal a judgment in a Welfare and Institutions Code section 601 or 602 proceeding 'in the same manner as any final judgment.' (Welf. & Inst. Code, § 800, subd. (a).) The juvenile court's jurisdictional findings are not immediately appealable and the appeal is taken from the order made after the disposition hearing. [Citation.] The minor may also appeal any subsequent order in such proceedings 'as from an order after judgment.' (Welf. & Inst. Code, § 800, subd. (a).) [¶] An appeal in a juvenile case must generally be filed 'within 60 days after the rendition of the judgment or the making of the order being appealed.' (Cal. Rules of Court, rule 8.406(a)(1) & former rule 8.400(d).) 'A timely notice of appeal, as a general matter, is "essential to appellate jurisdiction."' [Citation.] 'In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment.' [Citation.]" (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1138.)

Here, C.G. filed a notice of appeal from the juvenile court's orders made in connection with the trial and disposition of the August 2013 petition. C.G. does not raise any issue in this appeal in connection with the trial or disposition of the August 2013 petition. Instead, C.G. challenges the juvenile court's findings he committed both assault and battery as alleged in the April 2013 petition. In his opening brief, C.G. acknowledges he did not file a notice of appeal as to the May 8, 2013 disposition order within the 60-day period set forth in rule 8.406(a)(1) of the California Rules of Court, and does not argue the applicability of any exception or extension to that rule.

Not only did C.G. fail to file a timely notice of appeal, which would give this court jurisdiction over the May 8, 2013 disposition order, but he has never designated that order, or any other order connected to the adjudication of the April 2013 petition, in any notice of appeal, whether timely filed or not.

5

In *In re Melvin J.* (2000) 81 Cal.App.4th 742, 753, the appellate court held that the minor was not permitted to raise contentions on appeal that related to a disposition order from which he had not appealed. The appellate court explained: "The notice of appeal filed in this case states that the minor appealed only from the order of November 18, 1998, and the hearing conducted on that day . . . . The notice of appeal does not purport to be from the order entered on October 23, 1998, and that order was separately appealable as a final disposition order. Since the minor never appealed the order of October 23, 1998, he is precluded from raising issues relating to that order." (*Ibid.*)

In *In re Shaun R.*, *supra*, 188 Cal.App.4th at page 1139, the appellate court held: "The notice of appeal in this case lists only the case number on Petition D and the 2009 Order; it does not state that the minor is appealing from the 2008 Orders. The minor is precluded from raising any issues related to the 2008 Orders in this appeal because he failed to list them in his notice of appeal."

C.G. is similarly precluded from challenging the May 8, 2013 disposition order in this appeal because he failed to ever designate it in any notice of appeal. As C.G. has not raised any challenge to any order related to the August 2013 petition, we affirm the juvenile court's September 3, 2013 order.

C.G. argues that notwithstanding his failure to file any notice of appeal as to the May 8, 2013 disposition order, this court must reverse the finding he committed assault as alleged in the April 2013 petition because it is a lesser included offense of the battery offense which was also alleged in the April 2013 petition and found true by the court. He contends that his failure to appeal from the disposition order can be corrected by this court because "[i]t is well-settled that the imposition of an unauthorized sentence can be corrected at any time."

Even if we had jurisdiction to consider C.G.'s argument, our record does not show the juvenile court imposed an unauthorized sentence on C.G. As set forth in the

advisement of constitutional rights form that C.G. signed, he admitted to the allegations of the April 2013 petition and accepted the terms of the disposition agreement that he signed. The juvenile court thereafter "[i]mpose[d] probation under terms as stated on the attached form"; the attached form was the signed disposition agreement itself, setting forth the terms and conditions of C.G.'s supervised probation.

In *In re Giovani M.* (2000) 81 Cal.App.4th 1061, 1063, 1065, the minor argued that his admission to one count of unlawful possession by a minor of a firearm capable of being concealed by a person (count 3) of the juvenile delinquency petition filed against him was improper because count 3 was a necessarily included offense of count 2 (unlawful discharge of a firearm with gross negligence) of the same petition. The minor argued the juvenile court erred in accepting his admission to count 3 and sustaining the petition as to both counts 2 and 3; he further argued his admission to count 3 should be set aside and the matter remanded for a new disposition hearing. (*Id.* at pp. 1064-1065.) The appellate court rejected the minor's argument, stating: "We find that when the minor chose to accept the bargain with the juvenile court in order to avoid a longer maximum period of confinement, the minor waived any right to claim that the court was precluded from sustaining the petition on count 3 even if it could be viewed as an act in excess of jurisdiction for the court to sustain count 3." (*Id.* at p. 1065.)

As stated on the advisement of constitutional rights form, and also by the juvenile court at the May 8, 2013 disposition hearing, the assault and battery offenses alleged in the April 2013 petition had a sentencing range of up to six months of confinement. By admitting the allegations of the April 2013 petition and signing the disposition agreement, C.G. avoided a longer maximum period of confinement and was instead placed on supervised probation with terms and conditions that included his spending only 19 days in a juvenile institution (for which he received 19 days' credit for time served). C.G. thus forfeited any right at this juncture to claim the juvenile court

7

erred by accepting his admission and sustaining the petition as to both counts of the April 2013 petition.

DISPOSITION

The order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.