Filed 10/4/16  In re Ricardo D. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re RICARDO D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052171 |
| v. | (Super. Ct. No. DL048988-003) |
| RICARDO D., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Fred W. Slaughter, Judge.  Affirmed.

Forest M. Wilkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

The juvenile court declared 15-year-old Ricardo D. (born June 1999) to be ward of the court (Welf. & Inst. Code, § 602) after he admitted committing misdemeanor battery (Pen. Code, § 242 [count 1]) and misdemeanor assault (Pen. Code, § 240 [count 2]). The minor contends the juvenile court violated his federal constitutional rights by imposing a probation condition requiring him to "not associate with anyone who [he knows] is a member of a statutorily defined criminal street gang; or is a member of an illegal tagging crew," because nothing in the record reflects he was involved in gang activities. Minor's claim fails because he expressly agreed to the term as a part of the disposition agreement, and did not object to the probation condition in the juvenile court. For the reasons expressed below, we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, the Orange County District Attorney filed a petition alleging Ricardo D. committed battery and assault on June 11, 2015. According to the probation department's probable cause declaration and detention report, minor's mother caught him in his bedroom with a girl and instructed the girl to leave. Minor angrily yelled at his mother, pushed her out of his room, and he followed his friend outside. Minor's mother approached the front door to order him to return to his room. Minor attempted to punch his sister, but missed and struck his mother in the shoulder. The court previously had placed minor on probation in March 2014 based on two prior petitions, which the appellate record does not contain, and the court had terminated those proceedings in December 2014.

At the detention hearing on June 15, 2015, minor entered into a plea and disposition agreement with the court. Minor waived his rights and admitted the offenses. He acknowledged he had been advised if he admitted the offense the court would release him to his parents' custody and "[i]mpose probation under terms as stated on the attached form." The attached form specified several conditions, including eight days in a juvenile

2

work program, a 10-week anger management program, and abiding by the terms of a peaceful contact protective order in favor of his mother and sister. Condition 10 specified minor was not to associate with various categories of persons, including anyone known to him to have been disapproved by the court, parent or probation officer, and anyone known to him to be a member of a statutorily defined criminal street gang or member of an illegal tagging crew.[1]

In open court, minor expressly accepted all the terms and conditions of probation specified in the disposition agreement. Minor's lawyer stated she had discussed the case with him and explained his rights, although she did not concur in his decision to admit the offenses. The juvenile court accepted minor's waiver of rights and admissions, and imposed the terms specified in the disposition agreement. Minor's lawyer and mother objected to the protective order. The court advised minor he could return in a year and request a withdrawal of his admissions and the protective order subject to the court's discretion.

Minor's lawyer filed a notice of appeal, stating minor appealed from the "Protective Order w/Peaceful Contact condition . . . ."

---

[1] Condition 10: "Do not associate with anyone who you know is disapproved by the Court, your parent/guardian, or probation officer. Do not associate with anyone who you know is a member of a statutorily defined criminal street gang; or is a member of an illegal tagging crew; and/or is on probation or parole, except with the prior approval of the probation officer. Do not associate with anyone who you know is illegally possessing, selling, or using alcohol, or anyone who you know is illegally under the influence of alcohol. Do not associate with anyone who you know is possessing, selling, using, or under the influence of any illegal or illegally obtained controlled substances.

II

DISCUSSION

*Minor Forfeited His Appellate Challenge to the No Gang Contact Probation Condition*

Minor contends the probation condition requiring him not to associate with criminal street gang or illegal tagging crew members violates his right of association under the First Amendment to the United States Constitution. He asserts the probation condition is overbroad because the record contains no evidence he had gang or tagging affiliations or conduct. (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1084 ["in order to survive constitutional scrutiny, such conditions not only must be reasonably related to present or future criminality, but also must be narrowly drawn and specifically tailored to the individual probationer"].) He seeks *de novo* review of the constitutionality of the condition. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183, italics added.)

Welfare and Institutions Code section 730, subdivision (b), provides the juvenile court may impose "any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." A juvenile court probation condition will be upheld if it: ( 1) has a relationship to the crime of which the offender was convicted; (2) relates to conduct which is in itself criminal; or (3) requires or forbids conduct that is reasonably related to future criminality. (*In re R.V.* (2009) l71 Cal.App.4th 239, 246; *In re J.B.* (2015) 242 Cal.App.4th 749, 753-754 [juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation].) Probation conditions for minors may be broader than those pertaining to adult offenders because juveniles require more guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1330.)

Minor relies on *People v. Brandão* (2012) 210 Cal.App.4th 568 (*Brandão*). There, trial counsel objected to a probation condition prohibiting the defendant's association with known gang members, asserting there was no gang nexus. The appellate

4

court agreed, concluding nothing in the record suggested ties between the defendant or his family members and any criminal street gang, and his criminal history did not suggest gang ties. (*Id.* at p. 576 [courts may not forbid probationers from having contact with any person or entity that could conceivably tempt an individual to stray from the path of the straight and narrow].)

*Brandão* noted however, "There is a strict interpretation of the rule of forfeiture under which a probationer 'who contends a condition of probation is constitutionally flawed still has an obligation to object to the condition *on that basis* in the trial court in order to preserve the claim on appeal.' (*People v. Gardineer* (2000) 79 Cal.App.4th 148, 151.) *Gardineer*'s rule requires not only [an] objection but a listing of any constitutional grounds for the objection." (*Brandão*, at p. 572.)

Minor argues he did not forfeit the issue, explaining he was shackled at the detention hearing, he wanted to accept the disposition agreement so he could be released immediately to his mother, and the only way he would gain his freedom would to be to accept the court's proposal. He also asserts his lawyer "opposed the entire disposition agreement, and she made her disagreement with her minor client's decision clear to the court. When she objected to one term of the dispositional agreement (the protective order), she and [minor] were advised several times that any disagreement with the agreed upon disposition would result in a continuation of the proceedings, meaning that [minor] would remain in custody. [Minor] was clearly upset during the proceedings, as noted by the court. Therefore, defense counsel did maintain an objection to the entire disposition." Minor also asserts any objection would have been futile because "[t]he record is clear that the court was not open to any variance to the agreed upon disposition."

The record belies minor's contention. Neither he nor his lawyer objected to the probation condition precluding his association with criminal street gang or illegal tagging crew members. While the record reflects minor was shackled at the detention hearing, and he was undoubtedly motivated to accept an agreement that would secure his

5

immediate release from confinement, nothing precluded minor or his lawyer from objecting to the gang condition. Counsel apparently disagreed with her client's decision to admit the allegations at the detention hearing, but she did not lodge an objection to any particular component of the disposition agreement other than the protective order. The juvenile court entertained counsel's and mother's objections to the protective order, and explained why it believed the order would further minor's rehabilitation. Nothing suggests the court would have refused to entertain an objection to the gang condition. And while the court noted minor appeared upset at one point during the hearing, this was close to the time mother and counsel objected to the protective order. Nothing suggests minor's distress was occasioned by any particular term of the disposition agreement.

Finally, we note minor does not assert his challenge to the probation condition presents a pure question of law that can be resolved without reference to the disposition record. Had minor brought the issue to the juvenile court's attention, the court might have pointed to something in minor's record (this was minor's third petition) or social history bearing on the condition. Unlike *Brandão*, the probation report in this case did not assert minor and his family had no gang ties, nor did it describe minor's prior juvenile court history.

Because minor forfeited his claim, we need not address the Attorney General's arguments minor is trifling with the court (*People v. Hester* (2000) 22 Cal.4th 290, 295; *In re Giovani M.* (2000) 81 Cal.App.4th 1061, 1065 [minor waived right to claim court acted in excess of jurisdiction where he received the benefit of his bargain]), and the condition reasonably related to future criminality because "preventing an impressionable youth who is capable of violence against his own family from associating with gang members who perpetrate violence against rivals is the hallmark of reasonableness."

## III

### DISPOSITION

The judgment is affirmed.

 

ARONSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

IKOLA, J.