[No. B198470. Second Dist., Div. Six. Oct. 2, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSICA ROSE BINKERD, Defendant and Appellant.

**COUNSEL**

S. R. Balash, Jr., for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, John R. Gorey and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PERREN, J.**—Jessica Rose Binkerd appeals from the judgment entered following her plea of no contest to vehicular manslaughter without gross

negligence (count 1, Pen. Code, former § 192, subd. (c)(3))[1] and driving under the influence of alcohol causing injury (count 2, Veh. Code, § 23153, subd. (a)). She admitted the special allegations of causing injury to more than one victim (Veh. Code, § 23558) as to both counts and causing great bodily injury (§ 12022.7, subd. (a)) as to count 2. The trial court sentenced her to five years four months in state prison on count 2 including enhancements, and stayed imposition of sentence on count 1. (§ 654.)

Appellant contends the trial court improperly entered judgment on count 2 because it is necessarily a lesser included offense of count 1, and that the prosecutor committed misconduct by arguing to the court that she was ineligible for probation. We conclude that driving under the influence of alcohol causing injury (count 2) is a necessarily lesser included offense of vehicular manslaughter without gross negligence (count 1). Accordingly, we reverse the conviction on count 2 and remand for resentencing.

*Factual and Procedural Background*

On August 6, 2006, appellant attended a party in Santa Barbara at which she consumed alcohol. Appellant offered Alexander Baer a ride home and left the party at 1:30 in the morning, with appellant driving and Baer in the front passenger seat. On her way home, appellant veered into the northbound lane of traffic on Highway 154, hitting Sara Maynez's car head on. Alexander Baer was killed; Sara Maynez and appellant were injured. Approximately one hour after the collision, appellant's blood-alcohol level was 0.20 percent.

Appellant was charged in the amended complaint with vehicular manslaughter without gross negligence (count 1, former § 192, subd. (c)), driving under the influence of alcohol causing injury (count 2, Veh. Code, § 23153, subd. (a)), and driving with a blood-alcohol content of 0.20 percent or higher causing injury (count 3, Veh. Code, § 23153, subd. (b)).[2] The named victim in each count was Alexander Baer, the passenger in appellant's car. The complaint further alleged that appellant caused bodily injury to more than one victim (i.e., Sara Maynez), while committing the offenses charged in all three

---

[1] All statutory references are to the Penal Code unless otherwise stated. Effective January 1, 2007, the offense formerly specified in section 192, subdivision (c)(3), vehicular manslaughter while intoxicated, was replaced by section 191.5, subdivision (b). Hereafter, all references to section 192, subdivision (c)(3), are to the former section.

[2] Under Vehicle Code section 23153, subdivision (b), this offense is complete when one operates a motor vehicle with a blood-alcohol level of .08 percent or higher.

counts, within the meaning of Vehicle Code section 23558. Attached to counts 2 and 3 were special allegations of great bodily injury to Alexander Baer. (§ 12022.7, subd. (a).) Appellant pled no contest to counts 1 and 2 and admitted the special allegations. Count 3 was dismissed on the district attorney's motion. The court sentenced appellant to the low term of 16 months on count 2 (Veh. Code, § 23554), plus a three-year enhancement for causing great bodily injury to Alexander Baer (§ 12022.7), plus a one-year enhancement for the injury to Sara Maynez (Veh. Code, § 23558), for a total of five years four months in prison. Sentencing on count 1 was stayed pursuant to section 654.

*Validity of Conviction for Violating Vehicle Code Section 23153, Subdivision (a)*

Appellant contends the trial court erred in convicting her of count 2, driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a)), because it is a necessarily lesser included offense of vehicular manslaughter without gross negligence (former § 192, subd. (c)(3)). We agree.

A defendant cannot be convicted of both an offense and a lesser offense necessarily included within that offense, based upon his or her commission of the identical act. (*People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) In deciding whether an offense is necessarily included in another, we apply the elements test, asking whether " ' "all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' " (*People v. Lopez* (1998) 19 Cal.4th 282, 288 [79 Cal.Rptr.2d 195, 965 P.2d 713]; see *People v. Sloan* (2007) 42 Cal.4th 110, 113 [64 Cal.Rptr.3d 137, 164 P.3d 568]; *People v. Izaguirre* (2007) 42 Cal.4th 126, 128 [64 Cal.Rptr.3d 148, 164 P.3d 578]; *People v. Reed* (2006) 38 Cal.4th 1224, 1227 [45 Cal.Rptr.3d 353, 137 P.3d 184].) In other words, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." (*Lopez, supra,* at p. 288; see *Sloan, supra,* at p. 116.) At the time of appellant's offense, former section 192, subdivision (c)(3) defined vehicular manslaughter as "[d]riving a vehicle in violation of Section 23140, 23152, or 23153 of the Vehicle Code and in the commission of an unlawful act, not amounting to felony, but without gross negligence; or driving a vehicle in violation of Section 23140, 23152, or 23153 of the Vehicle Code and in the commission of a lawful act which might produce death, in an unlawful manner, but without gross negligence." Under Vehicle Code section 23153, subdivision (a), "It is unlawful for any person, while under the influence of any alcoholic beverage or drug, . . . to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by

law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

In pleading no contest to violating former section 192, subdivision (c)(3), appellant necessarily admitted violating Vehicle Code section 23153, subdivision (a). Both offenses require proof appellant was driving under the influence of alcohol when she violated the law, in this case crossing the double yellow lines in violation of Vehicle Code section 21460, subdivision (a). The two statutes differ to the extent that section 192, subdivision (c)(3) is committed when another person dies as a result of these acts, while Vehicle Code section 23153, subdivision (a) is committed when the other person is injured.

■ In *People v. Miranda* (1994) 21 Cal.App.4th 1464 [26 Cal.Rptr.2d 610], the Court of Appeal held that "Vehicle Code section 23153, subdivision (a) is necessarily included in Penal Code section 191.5 [gross vehicular manslaughter]. One person who injures a person while driving under the influence commits a violation of Vehicle Code section 23153; and if that person dies from that injury—whether immediately or sometime later—a violation of Penal Code section 191.5 has occurred." (*Id.*, at p. 1468.) Here, appellant pled no contest to both counts 1 and 2, which had the same named victim, Alexander Baer. Appellant could not commit a violation of count 1 (former § 192, subd. (c)(3)), without injuring that same victim, as charged in count 2.

The People argue that Vehicle Code section 23153 is not necessarily included in former section 192, subdivision (c)(3), because a violation of section 192 could be predicated upon the violation of Vehicle Code section 23140. Vehicle Code section 23140, subdivision (a), makes it "unlawful for a person under the age of 21 years who has 0.05 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." The People argue that the "under the influence" element of Vehicle Code section 23153, subdivision (a), is an additional element not required for a conviction under Vehicle Code section 23140. (See *McDonald v. Department of Motor Vehicles* (2000) 77 Cal.App.4th 677, 686, 688 [91 Cal.Rptr.2d 826] [the term "under the influence" for purposes of Veh. Code, § 23152 means the consumption of an alcoholic beverage has impaired the driver's mental and physical abilities to such a degree that the driver no longer has the ability to drive the vehicle with the caution characteristic of a sober person of ordinary prudence under the same or similar circumstances].)

■ The People's argument is unconvincing. First, contrary to the People's contention, Vehicle Code section 23140 does include an "under the influence" element. For example, in cases where a driver under the age of 21 is

charged with violating Vehicle Code section 23140, but no chemical test is conducted to determine the blood-alcohol content, the trial court must make a finding of "under the influence," as stated in subdivision (b) of section 23140.

■ Second, former section 192, subdivision (c)(3) is written in the disjunctive. The statute is violated if one drives a vehicle in violation of *either* Vehicle Code sections 23140, 23152, *or* 23153. The statute does not provide that one has to violate all three sections of the Vehicle Code to commit the offense of vehicular manslaughter. Here, appellant was charged with violating Penal Code former section 192, subdivision (c)(3), by driving a vehicle in violation of Vehicle Code sections 23152 and 23153. She was over the age of 21 at the time and could not be charged with violating Vehicle Code section 23140.

Third, accepting the People's argument would mean that there could never be a lesser included offense of former section 192, subdivision (c)(3). This is incorrect. In cases where one victim dies from an alcohol-related accident due to a violation of Vehicle Code sections 23140, 23152, or 23153, the Vehicle Code violation would always be a lesser included offense of section 192, subdivision (c)(3). In this case, the prosecution charged appellant with violating Vehicle Code section 23153 and section 192, subdivision (c)(3), by injuring and causing the death of the same victim. As in *Miranda*, "[t]he People do not suggest how a victim could be killed by a moving vehicle and not incur injury in the process. We cannot envision such a scenario, nor is one created by a hypertechnical reading of Penal Code section [192, subdivision (c)(3)]." (*People v. Miranda, supra,* 21 Cal.App.4th at p. 1468.)

Fourth, in a related context, the Legislature expressly recognizes that a conviction for violating former section 192, subdivision (c)(3), necessarily encompasses a violation of Vehicle Code section 23153. Vehicle Code section 13350.5 requires mandatory license revocation for certain habitual traffic offenders. Section 13350.5 provides: "Notwithstanding Section 13350, for the purposes of this article, conviction of a violation of paragraph (3) of subdivision (c) of Section 192 of the Penal Code is a conviction of a violation of Section 23153."

■ Finally, the Legislature has provided a specific penalty for a conviction of manslaughter occurring as a result of driving while intoxicated without gross negligence, i.e., former section 192, subdivision (c)(3). "The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply." (*People v. Jenkins* (1980) 28 Cal.3d 494, 505 [170 Cal.Rptr. 1, 620 P.2d 587]; see *People v. Coronado* (1995) 12 Cal.4th 145, 153–154 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) In

addition, the great bodily injury enhancement alleged in this case under section 12022.7 for the death of Alex Baer is inapplicable to a conviction for section 192, subdivision (c)(3). (See § 12022.7, subd. (g) [this enhancement "shall not apply to murder or manslaughter"].) Sentencing appellant on the lesser included offense of Vehicle Code section 21353, with a great bodily injury enhancement under section 12022.7 as alleged in count 2 for the injuries suffered by the deceased victim Alex Baer circumvents the statutory scheme for vehicular manslaughter.

 We conclude the reasoning in *Miranda* is dispositive. Under the statutory elements test, the violation of Vehicle Code section 23153 is necessarily a lesser included offense of former section 192, subdivision (c)(3), and appellant cannot be convicted of violating both statutes. Appellant's conviction on count 2, for violating Vehicle Code section 23153, subdivision (a), cannot stand.

### Prosecutorial Misconduct

The probation department recommended that appellant be placed on probation with terms and conditions, including serving 270 days in jail. In the prosecution's sentencing memorandum, the People erroneously argued that appellant was presumptively ineligible for probation. At the sentencing hearing, neither the prosecutor nor the defense addressed the prosecution's erroneous statement in the sentencing memorandum. Following the imposition of the prison sentence, appellant moved to vacate the conviction and withdraw the pleas of nolo contendere and/or to correct the illegal sentence. Appellant argued in part that she had been prejudiced by the prosecution's erroneous argument concerning probation eligibility. At the hearing on the motion, the prosecutor conceded the error in the sentencing memorandum. The trial court denied the motion, clarifying that it had not considered her ineligible for probation at the time of sentencing.

Appellant contends the prosecutor committed misconduct by erroneously arguing to the trial court in the sentencing brief that she was not eligible for probation. Because we are remanding this case for resentencing on count 1, we need not address this issue.

### Disposition

Appellant's conviction for driving under the influence causing injury (count 2) is reversed and the enhancements alleged for count 2 are stricken.

We remand this case with instructions to resentence appellant consistent with this opinion.[3] In all other respects, the judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

On October 31, 2007, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 16, 2008, S158229.

---

[3] Appellant concedes that the Vehicle Code section 23558 enhancement properly applies to count 1 because she caused injury to more than one person.