Filed 5/7/13  In re Friend CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re BRANDON GREGORY FRIEND<br><br>on Habeas Corpus. | G046216<br><br>(Super. Ct. No. 04HF1205)<br><br>O P I N I O N |

Original proceeding; petition for a writ of habeas corpus to challenge an order of the Superior Court of Orange County, James A. Stotler, Judge.  Petition granted.

Law Offices of Correen W. Ferrentino; Correen W. Ferrentino; Law Offices of Mark W. Frederick and Mark W. Frederick for Petitioner.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Stephanie H. Chow, Deputy Attorneys General, for Respondent.

\*          \*          \*

This is the third time this case has been before us. In the first case petitioner Brandon Gregory Friend appealed his convictions for two counts of vehicular manslaughter with gross negligence while intoxicated (Pen. Code, § 191.5, subd. (a); counts 1 and 2); driving under the influence, causing bodily injury to three victims, George Macchiorola and Debbie Scannell, who died, and Anthony Orozco, who was injured (Veh. Code, § 23153, subd. (a); count 3; all further statutory references are to this code unless otherwise stated); driving with a blood alcohol level over .08 percent and causing injury to those three victims (§ 23153, subd. (b); count 4); and hit and run causing the death of two victims (§ 20001, subds. (a), (b)(2); count 5); he pleaded guilty to driving on a suspended license (§ 14601.2, subd. (a); count 6). The jury also found true petitioner caused bodily injury to more than one person (§ 23558), personally inflicted great bodily injury on two different people, Macchiorola and Scannell (Pen. Code, § 12022.7, subd. (a)), and fled the scene of the accident (§ 20001, subd. (c)).

Petitioner raised several grounds on appeal, discussion of which is set out at length in our opinion in *People v. Friend* (Mar. 11, 2010, G039675 [nonpub. opn.]). We affirmed the judgment but vacated the sentence for count 5, hit and run causing death, and remanded for resentencing, ordering that the sentence be stayed under Penal Code section 654. (*People v. Friend, supra,* G039675 at p. 2.)

The second appeal concerned the resentence. As set out in that opinion (*People v. Friend* (May 31, 2012, G044473) [nonpub. opn.]), on remand, in addition to arguing the resentence on count 5, defendant asked the trial court to rule the crimes charged in counts 3 and 4 were nonviolent. The court refused to do so, determining its powers on remand were limited to the resentencing on count 5. (*Id.* at p. 2.)

On appeal, petitioner did not challenge the resentence but argued the trial court had improperly limited his sentencing credits to 15 percent because it treated his convictions for vehicular manslaughter while under the influence as violent felonies

2

based on the enhancements for great bodily injury. He sought to have us rule they were not violent felonies under Penal Code section 667.5. (*People v. Friend, supra,* G044473 at p. 2.) We concluded the argument was not before us because the order on remand was limited (*id*. at p. 3) and because the issue was waived due to defendant's failure to argue this issue in the first appeal (*id*. at p. 4). Petitioner maintained he was free to raise it in the second appeal because it was an illegal sentence, which can be challenged at any time. (*Id*. at p. 5). We rejected that argument. (*Id*. at pp. 5, 6.) Defendant also claimed ineffective assistance of counsel. We declined to consider it, both because it was argued for the first time in the reply brief and because it should have been raised in a habeas petition. (*Id*. at p. 7.)

Shortly after petitioner filed his opening brief in the second appeal, he also filed this habeas petition. He argued that in the first appeal, it was not apparent the findings of great bodily injury affected the sentence because they did not add to the length of the sentence and there was no determination the sentence was based on a finding of a serious felony as related to credits. He also argued that if there was a finding the purported illegal sentence had to be raised in the first appeal, petitioner's appellate counsel provided ineffective assistance because he failed to do so.

Accompanying the petition was the declaration of petitioner's appellate counsel. He confirmed that in the first appeal he had not argued that petitioner was guilty of a serious or violent felony that would limit his credits to 15 percent instead of 50 percent or that the 15 percent limit was erroneous. With commendable candor, he acknowledged that if the issue should have been raised in the first appeal, his representation was "deficient" as defined by the test for ineffective assistance of counsel.

In his informal reply to the answer petitioner also argued, among other things, that driving while intoxicated causing bodily injury (count 3) and driving with a

3

blood alcohol level of 8 percent and causing bodily injury (count 4) are lesser included offenses of gross vehicular manslaughter while intoxicated (counts 1 and 2).

In the return the Attorney General agreed with the argument. Therefore we are granting the relief petitioner requested.

The facts are not in dispute and we need not recite them.

DISCUSSION

*1. Convictions For Lesser Included Offenses*

There is no dispute that a defendant cannot be convicted of both a greater offense and a lesser included offense. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) Convictions under section 23153, subdivision (a) for driving under the influence and under section 23153, subdivision (b) for driving with a blood alcohol content of .08 percent and causing bodily injury are necessarily included in a conviction under Penal Code section 191, subdivision (a) for gross vehicular manslaughter. (*People v. Binkerd* (2007) 155 Cal.App.4th 1143, 1147-1150; *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467-1468 [§ 23153, subd. (a) is necessarily included offense of Pen. Code, § 191.5, subd. (a)].)

In *Miranda*, the defendant was convicted of gross vehicular manslaughter while under the influence, driving while intoxicated causing injury, vehicular manslaughter, and hit and run. On appeal, the court reversed the conviction for driving while intoxicated causing bodily injury, and vehicular manslaughter and struck an enhancement for driving while intoxicated and causing injury since they were lesser included offenses of gross vehicular manslaughter while under the influence. (*People v. Miranda, supra,* 21 Cal.App.4th at pp. 1468-1469.)

4

The same is true here. Counts 3 and 4 for driving under the influence causing bodily injury and for driving with a blood alcohol content of .08 percent and causing bodily injury are lesser included offenses of counts 1 and 2, gross vehicular manslaughter while intoxicated. The personal infliction of great bodily injury for those counts as to Macciorola and Scannell are also necessarily included in the convictions for counts 1 and 2. (*People v. Binkerd, supra,* 155 Cal.App.4th at p. 1150.) These must all be stricken.

## 2. Custody Credits

Penal Code section 2933.1, subdivision (a) limits custody credits to 15 percent for conviction of a felony listed in Penal Code section 667.5, subdivision (c), which includes a felony in which a defendant "inflicts great bodily injury on any person" as set out in Penal Code section 12022.7, subdivision (a). (Pen. Code, § 667.5, subd. (c)(8).) But the Penal Code section 12022.7, subdivision (a) enhancement does not apply where an element of the crime is infliction of great bodily injury. (Pen. Code, § 12022.7, subd. (g).) Once counts 3 and 4 and their accompanying enhancements are stricken, petitioner's custody credits cannot be limited to 15 percent.

## 3. Ineffective Assistance of Counsel

The standard for determining ineffective assistance of counsel is well settled. To prevail, a defendant must show that, viewing it objectively, counsel's performance fell below prevailing professional standards and was prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 690 [104 S.Ct. 2052, 80 L.Ed.2d 674].) To prove prejudice, the defendant must demonstrate there is a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (*People v. Ledesma* (1987) 43 Cal.3d 171, 217-

218.)  "'"'A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Citations.]'" (*People v. Weaver* (2001) 26 Cal.4th 876, 925.)

Here both criteria were satisfied.  The law prohibiting convictions for lesser included offenses is clear and well-established and thus should have been raised in the first appeal.  Because counsel failed to do so, defendant lost the opportunity to challenge the more limited custody credits.  (*In re Smith* (1970) 3 Cal.3d 192, 202-203 [counsel's failure to argue issues on appeal that could have led to reversal deemed ineffective assistance].)  There is no question the error was prejudicial.  Instead of 50 percent conduct credits, petitioner was limited to 15 percent.  This substantially affects the time he will serve.

Because we decide the petition on this issue, we need not discuss any of the other arguments raised.

DISPOSITION

The matter is remanded to the trial court to reverse the convictions for driving under the influence causing bodily injury to George Macchiorola and Debbie Scannell (count 3) and driving with a blood alcohol level over .08 percent and causing bodily injury to George Macchiorola and Debbie Scannell (count 4) and to reverse the enhancements for personally inflicting great bodily injury to those two victims.  The court shall resentence defendant and recalculate the credits as necessary.  The court is ordered to prepare an amended abstract of judgment reflecting these modifications and forward a copy to the Department of Corrections and Rehabilitation.

Upon finality of this opinion and in compliance with Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court shall remit a copy of this opinion to the State Bar of California.  (*In re Jones* (1996) 13 Cal.4th 552,

589, fn. 9.)  In compliance with Business and Professions Code section 6086.7, subdivision (b), we are separately notifying the attorney that the matter has been referred to the State Bar of California.


                                         RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


FYBEL, J.