Filed 11/9/22  P. v. Spears CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095418 |
| v. | (Super. Ct. No. LOD-CR-FE-2020-0012028) |
| TYSON PATRICK SPEARS, | |
| Defendant and Appellant. | |

Defendant Tyson Patrick Spears drove into a tree while he was under the influence of drugs.  His passenger, Austin Zachocki, died.  A jury convicted defendant of vehicular manslaughter while intoxicated and misdemeanor driving under the influence of a drug, and the trial court sentenced him to 13 years in state prison.

Defendant now contends (1) it was error for the trial court to deny his motion to suppress evidence of a blood draw taken after his arrest, (2) the trial court should not have imposed a five-year enhancement under Penal Code section 667, subdivision (a)[1], (3) defendant's trial counsel was ineffective in not objecting to the imposition of the five-year enhancement, (4) the conviction for misdemeanor driving under the influence must be stricken because it was a lesser included offense of vehicular manslaughter while intoxicated, (5) the matter should be remanded for resentencing under Assembly Bill

---

[1]  Undesignated statutory references are to the Penal Code.

1

No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1), (6) the matter should be remanded for resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1), and (7) defendant is entitled to three additional days of presentence custody credit.

We will reverse the conviction for misdemeanor driving under the influence, strike the five-year enhancement, vacate the sentence, and remand for full resentencing consistent with current sentencing law and a proper award of presentence custody credit. We will otherwise affirm the judgment.

BACKGROUND

A witness was driving southbound on Highway 99 in Lodi when a car driven by defendant passed him, wobbled within the lane, and suddenly veered off the road and into a tree. The witness stopped and helped defendant out of the car. Defendant was in pain and used the witness's cell phone to make a call. The witness saw someone in the front passenger seat who appeared to be deceased.

California Highway Patrol Officer Jesse Apolonio arrived at the scene of the accident soon after it happened. Defendant was lying on the asphalt, yelling in pain. The passenger, Austin Zachocki, was deceased. Defendant was transported to the hospital by ambulance. Officer Apolonio viewed surveillance video from a local business, and it appeared defendant's car was traveling about 75 to 80 miles per hour when it veered off the road. Blood drawn from defendant at the hospital tested positive for methamphetamine, amphetamine, midazolam, and marijuana metabolites.

An information charged defendant with gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)—count 1) and driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (f)—count 2). The information also alleged a prior serious felony conviction. (§§ 667, subd. (a); 1170.12, subd. (b).) A jury found defendant not guilty of the charged offenses but guilty of the lesser included offenses of

vehicular manslaughter while intoxicated (§ 191.5, subd. (b)—count 1) and misdemeanor driving under the influence of a drug (Veh. Code, § 23152, subd. (f)—count 2).

The trial court sentenced defendant to the upper term of four years for vehicular manslaughter while intoxicated, doubled to eight years for the prior strike conviction. (§ 191.5, subd. (c)(2).) The trial court also imposed a five-year enhancement for the prior serious felony. (§ 667, subd. (a).) For the misdemeanor driving under the influence conviction, the trial court imposed one year, stayed under section 654. (Veh. Code, § 23152, subd. (f).) The total aggregate sentence was 13 years.

## DISCUSSION

### I

Defendant contends it was error for the trial court to deny his motion to suppress evidence of a blood draw taken after his arrest.

Law enforcement placed defendant under arrest after the accident for driving under the influence, and, while defendant was unconscious, Officer Apolonio had a nurse draw a blood sample, which tested positive for methamphetamine, amphetamine, midazolam, and marijuana metabolites. Defendant moved to suppress the evidence resulting from the blood draw, arguing the arrest was without probable cause. (§ 1538.5.) The trial court denied defendant's motion to suppress.

"An arrest is valid if supported by probable cause. Probable cause to arrest exists if facts known to the arresting officer would lead a person of ordinary care and prudence to entertain an honest and strong suspicion that an individual is guilty of a crime." (*People v. Kraft* (2000) 23 Cal.4th 978, 1037 (*Kraft*).) "The standard of probable cause to arrest is the probability of criminal activity, not a prima facie showing." (*People v. Lewis* (1980) 109 Cal.App.3d 599, 608.) This is an objective standard based upon the totality of circumstances at the time of arrest. (*People v. Rosales* (1987) 192 Cal.App.3d 759, 765.)

An arrest for driving under the influence of a drug requires probable cause the suspect was (1) driving and (2) under the influence of a drug. (Veh. Code, § 23152, subd. (f).) Defendant does not challenge the officer's cause to believe he was driving.

When the trial court rules on a motion to suppress, it determines the facts, selects the applicable rule of law, and applies the rule of law to the facts to determine whether the rule was violated. (*People v. Williams* (1988) 45 Cal.3d 1268, 1301.) On appeal, the trial court's determination of the facts is reviewed for substantial evidence. (*People v. Loewen* (1983) 35 Cal.3d 117, 123.) As to the applicable law and application of the law, we exercise our independent judgment. (*Ibid.*)

The trial court ruled on the motion to suppress based on the evidence introduced at the preliminary hearing. Because the facts known to the arresting officer are material to the motion to suppress, we will focus on those facts from the preliminary hearing.

Officer Apolonio responded to the call concerning the traffic collision. When he arrived, he observed the car with major damage. A passenger was in the right front seat, and defendant was lying on the shoulder of the highway, next to the damaged car. Defendant was almost in the fetal position yelling in pain. The passenger was deceased. Officer Apolonio was unable to conduct any field sobriety testing on defendant because of defendant's injuries. An ambulance arrived soon after Officer Apolonio and left with defendant within a few minutes.

Officer Apolonio took witness statements at the scene of the accident. A witness told him he was driving behind the car defendant was driving when he saw defendant's vehicle suddenly veer off the road and into a tree. The witness pulled defendant from the vehicle. The witness told Officer Apolonio it appeared to him defendant was under the influence of a drug; however, the officer was not sure whether the witness said this at the scene of the accident or later in a phone conversation after the arrest.

Officer Apolonio went to the hospital, but he was not able to speak to defendant because defendant was intubated and awaiting emergency surgery. Officer Apolonio

4

examined defendant for injection sites on his arms, but he could not tell whether marks were injection sites or injuries from the accident.

Officer Apolonio spoke to an emergency medical technician who had personally observed defendant. She reported that defendant's pupils were dilated before any medication was administered, but she also described them as "[p]inpoint." In his training, Officer Apolonio knew that use of various controlled substances could lead to dilated or constricted pupils, and he understood that being dilated and constricted were not the same. Head trauma could also cause constricted pupils.

Officer Apolonio placed defendant under arrest for suspicion of driving under the influence because of the way the car veered off the highway and based on the emergency medical technician's description of defendant's eyes. He then directed a nurse to draw blood without a warrant. The blood contained methamphetamine, amphetamine, midazolam, and marijuana metabolites.

Regarding the circumstances of the accident, Officer Apolonio said: "Based on my experience of [] investigating traffic collisions, it's unusual for a vehicle to just veer off the roadway. My experience, most sober drivers don't have driving actions such as that. If there is a mechanical failure or a medical issue, there is some brake application or some slowing of the vehicle. But a vehicle going directly into a stationary object is very unusual."

The trial court denied the motion to suppress, finding Officer Apolonio had probable cause to arrest defendant for driving under the influence. Specifically, the trial court relied on two circumstances: the car made an abrupt turn off the road and collided with a tree, and the state of defendant's pupils.

The unusual nature of the accident supported an inference defendant was under the influence when he suddenly veered off the road and into a tree. In addition, defendant's pupils were dilated or constricted or both at various times. Either condition would support an inference defendant was under the influence of drugs. These two

5

circumstances amounted to probable cause for Officer Apolonio to arrest defendant for driving under the influence after the accident because the "facts known to the arresting officer would lead a person of ordinary care and prudence to entertain an honest and strong suspicion" defendant was driving under the influence. (*Kraft, supra*, 23 Cal.4th at p. 1037.)

Defendant disagrees for several reasons. He argues other "hallmark signs of drunk driving," such as slurred speech or odor of alcohol, were absent. But differences from other instances of driving under the influence do not negate the inferences present here of driving under the influence.

Defendant also argues it was physically impossible that his pupils were both dilated and constricted, and, therefore, the trial court could not rely on that evidence. (*People v. Young* (2005) 34 Cal.4th 1149, 1181 [testimony of a single witness is sufficient if not physically impossible or inherently improbable].) But it is not clear from the record whether one of the conditions was misreported or whether the description referenced different times. The trial court was justified in determining that there was an observed difference in the pupils, whether dilation or constriction, from which an inference could be drawn that defendant was under the influence of drugs. Officer Apolonio's reliance on the condition of the pupils in making the arrest was supported.

Defendant claims that because Officer Apolonio could not eliminate the possibility of a mechanical failure or a medical condition or a fight between the driver and passenger, and because Officer Apolonio did not have evidence, beyond the circumstances of the accident, that defendant was driving recklessly, Officer Apolonio could not rely on the circumstances of the accident to support the conclusion defendant was driving under the influence. To the contrary, the absence of other evidence concerning defendant's driving did not negate the reasonable inference Officer Apolonio drew, based on his experience, from the sudden veering of the vehicle off the road and into a tree.

6

The trial court properly found Officer Apolonio had probable cause to arrest defendant for driving under the influence.

## II

Defendant next contends the trial court should not have imposed the five-year enhancement under section 667, subdivision (a) because the People did not plead or prove a current serious felony conviction. The People agree, as do we.

Section 667, subdivision (a) provides for a five-year enhancement if a defendant with a prior serious felony conviction is convicted of a new serious felony. Although defendant had a prior serious felony conviction for assault with a deadly weapon in 2014, and the trial court imposed the five-year enhancement under section 667, subdivision (a), the People did not plead and prove that the current conviction for vehicular manslaughter while intoxicated was a serious felony under section 667, subdivision (a).

Vehicular manslaughter while intoxicated, a violation of section 191.5, subdivision (b), is not a serious felony under section 667, subdivision (a) unless the People plead and prove defendant personally inflicted great bodily injury on a person other than an accomplice. (§ 1192.8, subd. (a); *People v. Gonzales* (1994) 29 Cal.App.4th 1684, 1692.) Here, because the People did not plead and prove that the vehicular manslaughter was a serious felony, the five-year enhancement should not have been imposed. We will strike the enhancement, vacate the sentence, and remand for resentencing. (See *People v. Jones* (2022) 79 Cal.App.5th 37, 46 (*Jones*) [full resentencing necessary after part of sentence stricken].)

## III

Defendant alternatively contends that if his challenge to the enhancement was forfeited because his trial counsel did not object, trial counsel violated defendant's right to counsel. We need not consider the contention because the imposition of the enhancement without pleading and proof resulted in an unauthorized sentence, which can

7

be raised on appeal without an objection on the specific ground in the trial court. (*People v. Mancebo* (2002) 27 Cal.4th 735, 749, fn. 7.)

IV

Defendant also argues we must reverse his conviction in count 2 for misdemeanor driving under the influence of a drug because it was a lesser included offense of his conviction in count 1 for vehicular manslaughter while intoxicated. The People again agree, as do we.

Multiple convictions based on the same conduct are prohibited if one of the convictions is a lesser included offense of the other. (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.) "In deciding whether an offense is necessarily included in another, we apply the elements test, asking whether ' " 'all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense. '[Citation.]" ' [Citation.] In other words, 'if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' [Citation.] " (*Ibid.*)

Vehicular manslaughter while intoxicated (§ 191.5, subd. (b)) requires driving under the influence (Veh. Code, § 23152). Therefore, misdemeanor driving under the influence, charged in count 2, was a lesser included offense of vehicular manslaughter while intoxicated. Such multiple convictions under these circumstances are prohibited. (See *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1468 [Vehicle Code section 23153, subdivision (a) is a lesser included offense within section 191.5, subdivision (a)]; *People v. Binkerd* (2007) 155 Cal.App.4th 1143, 1149 [any violation of Vehicle Code sections 23140, 23152, or 23153 resulting in a victim fatality is a lesser included offense of vehicular manslaughter].) For that reason, we will reverse the conviction for misdemeanor driving under the influence.

8

## V

Defendant alternatively argues that if we conclude count 2 was not a lesser included offense of count 1, we must remand for the trial court to exercise its newly enacted discretion under Assembly Bill No. 518 to designate which crime to impose and execute sentence, given that section 654 requires a stay of one of the sentences. But because we have determined the conviction on count 2 must be reversed, we need not consider this contention.

## VI

In addition, defendant contends the matter should be remanded for resentencing under Senate Bill No. 567.

The trial court sentenced defendant to the upper term of eight years. In doing so, it relied on several aggravating factors, including defendant's long criminal history, his failure to reform through drug programs, and the increasingly serious nature of his crimes. Defendant contends we should vacate the sentence and remand for resentencing because Senate Bill No. 567 now makes the middle term presumptive and restricts the circumstances under which a trial court may rely on aggravating factors to impose the upper term. (See *Jones, supra*, 79 Cal.App.5th at p. 44 [recounting the effect of Senate Bill No. 567].) The People respond that the trial court's reliance on defendant's criminal history was consistent with Senate Bill No. 567 and in any event, any sentencing error was harmless. We need not consider the parties' arguments because, having determined that we will reverse the conviction on count 2 and strike the enhancement under section 667, subdivision (a), we will vacate the sentence and remand for full resentencing. When the trial court resentences, it must comply with current sentencing law. *(Jones,* at pp. 45-46.)

## VII

Defendant argues the trial court erred in awarding defendant 654 days of presentence custody credit rather than 657 days. The People agree with defendant's

9

calculation on appeal.

Defendant was arrested on December 1, 2020, and he was sentenced on October 25, 2021. Including the date of the arrest and the date of sentencing, defendant served 329 actual days in presentence custody. (See *People v. Morgain* (2009) 177 Cal.App.4th 454, 469 [defendant entitled to full-day credit for date of arrest and date of sentencing].) He is also entitled to 328 days of presentence conduct credit. (§ 4019; *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358 [defendant entitled to two days of presentence conduct credit for each two-day period of actual time served].) Thus, defendant is correct that he is entitled 657 days of presentence custody credit. On remand, the trial court must award defendant the correct number of days of presentence custody credit.

### DISPOSITION

The conviction for misdemeanor driving under the influence is reversed, and the five-year enhancement under section 667, subdivision (a) is stricken. The sentence is vacated, and the matter is remanded for resentencing consistent with current sentencing laws and with the appropriate amount of presentence custody credit, which is 657 days. In all other respects, the judgment is affirmed.


/S/
MAURO, Acting P. J.

We concur:


/S/
RENNER, J.


/S/
KRAUSE, J.

10