Filed 7/30/24  P. v. Angelo CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAMUEL RALPH ANGELO,<br><br>    Defendant and Appellant. | D082306<br><br><br>(Super. Ct. No. SCE407470) |

APPEAL from a judgment of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Affirmed as modified.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, Seth Friedman, and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

Samuel Ralph Angelo crashed a vehicle he was driving while under the influence, killing his passenger, Danielle Wohlford.  A jury convicted him of all four resulting charges—vehicular manslaughter while intoxicated (Pen.

Code, § 191.5, subd. (b); count 1), driving under the influence of drugs causing injury (Veh. Code, § 23153(f); count 2), possession of a firearm by a prohibited person (Pen. Code, § 29800(a)(1); count 3), and possession of ammunition by a prohibited person (§ 30305(a)(1); count 4)—and as to count 2 found true that Angelo personally inflicted great bodily injury upon Wohlford under section 12022.7(a).  Angelo admitted several aggravating factors, a serious felony prior, and a strike prior and was sentenced to a total prison term of 14 years.

Angelo challenges his sentence on five grounds.  First, he claims the trial court erred in dismissing count 1, the greater offense, and sentencing on count 2, a lesser included offense with a greater potential sentence.  Under the reasoning of *People v. Meno* (2024) 102 Cal.App.5th 943 (*Meno*), we conclude the trial court soundly exercised its sentencing discretion.

Second, Angelo argues the trial court erred in failing to dismiss his sentencing enhancements under section 1385(c).  Yet we agree with the People that Angelo forfeited this issue by failing to object on this basis below. Alternatively, Angelo claims the trial court abused its discretion in finding dismissal of the enhancements would endanger public safety; but given Angelo's criminal history and the crime's circumstances, we perceive no error.

Third, Angelo claims the trial court abused its discretion in denying his motion to strike his strike prior under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) because he "does not fall within the spirit of the Three Strikes Law."  We, however, conclude that the trial court did not abuse its discretion in finding that dismissing the 17-year-old strike was unwarranted after weighing various mitigants against Angelo's recidivism and other aggravants.

Fourth, we accept the People's concession of error in running concurrently rather than staying under section 654 Angelo's punishment on count 4, given Angelo's possession of ammunition was part of the same act of possessing a loaded firearm, and modify the judgment accordingly.

Finally, Angelo claims the trial court abused its discretion in imposing the upper term by impermissibly considering aggravating factors beyond those he admitted and improperly balanced the mitigating and aggravating factors. However, we agree with the People that the trial court properly limited its consideration of non-proven aggravating factors to determine whether the presumptive low term was justified, and we perceive no abuse of discretion in the trial court's weighing of the proven factors in selecting the upper term as the appropriate term.

We thus affirm the judgment as modified.

## I.

## A.

In 2021, Angelo, under the influence of methamphetamine, lost control while driving and crashed into a tree, killing Wohlford. Angelo, who was injured, was airlifted to a hospital, where a firearm with a loaded magazine was removed from his pants' waistband.

As noted above, Angelo was charged with four counts. As to both counts 1 and 2, the amended information alleged Angelo personally inflicted great bodily injury on Wohlford under section 1192.7(c)(8). As to count 2 only, it also alleged Angelo personally inflicted great bodily injury on Wohlford under section 12022.7(a), making the potential sentence for count 2 longer than count 1. Finally, it alleged (1) Angelo had a serious felony prior and a strike prior and (2) various additional aggravating circumstances.

3

A jury returned guilty verdicts on all four counts. It also found true that Angelo personally inflicted great bodily injury upon Wohlford. Angelo admitted the strike prior, the serious felony prior, that the offenses were committed while on probation, that his convictions were numerous and of increasing seriousness, and that he had served a prior prison term.

B.

A probation officer's report detailed Angelo's extensive criminal history. His admitted serious felony prior and strike prior was a 2006 conviction for sex and drug offenses involving a minor. Since then, he had multiple convictions for theft and drug-related offenses and failure to register as a sex offender, multiple parole and post release community supervision (PRCS) violations, and an admitted drug addiction. Probation identified no circumstances in mitigation and multiple in aggravation. It recommended imposing the upper term on all counts, with the sentence for count 2 imposed and the sentence for count 1 stayed.

In a brief, Angelo's counsel argued the conviction for count 1 was controlling and the conviction for count 2, a lesser included offense, must be reversed. Counsel also claimed Angelo should receive the low term under section 1170(b)(6), given (1) his childhood neglect and physical and sexual abuse, and (2) the numerous mitigating circumstances outweighed the aggravating ones. Finally, counsel argued the enhancement for the serious felony prior should not be imposed, and the strike prior dismissed, due to the offense's remoteness.

The People's brief urged the trial court not to strike the strike prior, given Angelo's failure to remain law-abiding for any meaningful period and the nature and circumstances of his criminal convictions. They asked the court to (1) elect count 2 for sentencing, invoking section 654; and (2) not

4

impose the low term even if presumptive and instead impose the upper term, given the numerous aggravating factors and lack of any mitigating factors beyond Angelo's childhood neglect and abuse. The People argued dismissal of any enhancements would not be in the interests of justice and requested the court not exercise its discretion to strike the serious felony prior as not in furtherance of justice.

C.

At the sentencing hearing, the trial court denied Angelo's *Romero* motion. Relying on *People v. Beasley* (2022) 81 Cal.App.5th 495 (*Beasley*), the court found that, while the strike prior was old, Angelo's criminal history showed he had been "in custody[;] in violation of parole, PRCS, or probation[;] or picking up a new offense" every year since. As the strike prior was not a "pivot point for reforming ways," the court reasoned it did "not deserve judicial forgiveness."

The trial court elected to dismiss count 1 and sentence on count 2. The court (1) noted the case law holds the greater offense controls and a court must dismiss lesser-included offenses, but (2) found no case giving "direction" when "the offense that is technically under the law a lesser[ ]included offense carries a greater sentence." The court found it had discretion to dismiss count 1 and sentence on count 2, as it is "not in the interest of justice that the penalty for driving under the influence and killing somebody would be less than the penalty for driving under the influence and injuring someone."

The trial court found the low term presumptive under section 1170(b)(6) but rejected the defense's other proffered mitigating factors. In deciding whether the low or middle term applied, the court concluded the aggravants that were not proven true beyond a reasonable doubt, which thus "c[ould ]not justify [the] high term," outweighed the

5

mitigants. The court noted "any one of" the aggravants Angelo had admitted "could justify imposition of the high term" and, "taken together, even with the presumption of the low term," they "justif[ied] the high term."

Applying section 1385(c)(2), the court noted several reasons to dismiss the enhancements but found that Angelo "carrying a loaded firearm in a vehicle at 4:00 a.m. while high on methamphetamine" was a "significant danger to public safety" and thus imposed them.

The trial court imposed the upper-term sentence of three years on count 2, doubled to six years by the strike, with a three-year consecutive term for the great bodily injury enhancement and a five-year consecutive term for the serious felony prior, for a total term of 14 years. The court found counts 3 and 4 arose from "the same set of operative facts" such that concurrent sentences applied, and it imposed the middle-term sentence of two years, doubled to four years by the strike, for each.

## II.

We address in turn Angelo's five challenges to his sentence.

## A.

First, Angelo argues the trial court erred in dismissing count 1, the greater offense, and instead sentencing on count 2, which the People concede is a lesser included offense. He relies on the California Supreme Court's longstanding rule that, "[w]hen a defendant is found guilty of both a greater and a necessarily included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736.) The People respond the cases that have applied this rule "are unpersuasive because they

6

fail to address" whether "a trial court may dismiss a 'greater' offense that carries a shorter sentence than a lesser included offense."

We recently confronted the same question as to the same offenses at issue here in *Meno*. We requested supplemental briefing from the parties as to the impact, if any, of *Meno* on this appeal. In *Meno*, the defendant crashed while driving under the influence, killing his two passengers. (*Meno,* 102 Cal.App.5th at pp. 947-948.) A jury convicted the defendant of two counts of vehicular manslaughter while intoxicated (counts 1 & 2), one count of driving under the influence of alcohol causing bodily injury (count 3), and one count of driving with a blood-alcohol content of 0.08 percent or more causing injury (count 4), and, as to counts 3 and 4, also found true the allegation that the defendant inflicted great bodily injury on both victims. (*Id.* at p. 946.) Although counts 3 and 4 were lesser included offenses of counts 1 and 2, they carried greater potential sentences due to the great bodily injury enhancements. (*Id.* at pp. 946-947.) The trial court concluded it had the discretion to dismiss either counts 1 and 2 or counts 3 and 4, so it dismissed counts 1 and 2 in the interest of justice. (*Id.* at p. 948.)

We concluded the trial court did not err in doing so. (*Meno*, 102 Cal.App.5th at pp. 957-958.) Like the trial court and the People here, we noted most cases have not considered the application of the Supreme Court's rule in cases in which the lesser included offense carries a longer potential sentence. (*Id.* at pp. 954-955.) We also noted, however, that *People v. Vasquez* (2021) 63 Cal.App.5th 107 (*Vasquez*), in confronting the same issue as to different offenses, decided it was proper to allow the lesser included offense with the longer potential sentence to stand. (*Meno*, 102 Cal.App.5th at p. 954.) We also acknowledged *People v. Binkerd* (2007) 155 Cal.App.4th 1143 (*Binkerd*), on which Angelo relies, which held that sentencing on driving

7

under the influence with a great bodily injury enhancement rather than vehicular manslaughter "'circumvents'" the Legislature's sentencing scheme for vehicular manslaughter. (*Meno*, 102 Cal.App.5th at p. 957, citing *Binkerd*, at pp. 1149-1150.) Yet we declined to follow *Binkerd*, concluding nothing in the relevant statutes "suggests the Legislature intended for the sentence for two victims that died to be less than that for two victims that were injured." (*Meno*, 102 Cal.App.5th at p. 957.) We concluded the Supreme Court's rule "chose one of two ways to describe what is typically the 'greater' offense," and where "the necessarily included offense carries the longer potential sentence, . . . there is no requirement that the trial court vacate the necessarily included offense, so long as the court does not maintain convictions for both." (*Id.* at p. 956.)

We find *Meno*'s reasoning persuasive, and we elect to follow it rather than *Binkerd*. In urging us to depart from *Meno*, Angelo argues "the law supporting the reasoning in" *Vasquez*, on which *Meno* relies, "has changed, and Penal Code section 654 no longer requires punishment under the provision that provides for the longer prison term." But *Meno* clearly recognized the *two* justifications underlying the *Vasquez* decision: (1) section 654, which "at the time" required an act punishable in multiple ways to be punished under the provision with the greatest potential prison term, and (2) a lack of authority requiring the lesser included offense to always be vacated. (*Meno*, 102 Cal.App.5th at pp. 955-956.) In our view, the amendments to section 654 do not render *Vasquez*'s reasoning unsound. That the trial court now has "the discretion to punish without regard to the longest potential term of imprisonment" supports the conclusion that the court has the discretion to sentence on the lesser included offense instead of the greater offense when the circumstances so warrant.

8

Here, the trial court found the interests of justice were best served by dismissing count 1, the greater offense, and sentencing on count 2, which carried a longer potential sentence. Substantial evidence supported the trial court's decision, and it did not abuse its discretion in so sentencing Angelo.

B.

Second, Angelo claims the trial court erred in not dismissing his serious felony prior and great bodily injury enhancements under section 1385(c). The People argue Angelo forfeited this argument by failing to object below "to the imposition of multiple enhancements on the grounds that such sentence is prohibited by section 1385." Angelo disputes this, as "the trial court was fully apprised of the issue presented and the trial court ruled on the issue." We agree with the People that forfeiture bars Angelo's claim.

The forfeiture doctrine applies to claims challenging a "trial court's failure to properly make or articulate its discretionary sentencing choices," as "[r]outine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Here, the trial court considered dismissal of the enhancements and decided against it. Angelo, however, did not object to the trial court's reasoning or decision, depriving the trial court and the People of the opportunity to address and correct any perceived errors. Accordingly, Angelo failed to preserve this issue for appeal. To avoid forfeiture, in a single sentence in his reply, Angelo seeks "relief on grounds of ineffective assistance of counsel." However, Angelo waived this claim by waiting to raise it until his reply brief, so we do not address it. (*People v. Senior* (1995) 33 Cal.App.4th 531, 537.)

Alternatively, Angelo claims the trial court abused its discretion in concluding dismissal of the enhancements would endanger public safety,

9

because he "intends to address his substance abuse problems," "is remorseful," and "is aging" and thus less likely to reoffend. We, however, disagree. As the People contend, the court "properly considered" multiple factors favoring dismissal yet concluded, given Angelo's unlawful carrying of a loaded firearm while driving under the influence, dismissing the enhancements "would result in physical injury or other serious injury to others." On this record, which clearly shows Angelo's history of substance abuse, we cannot conclude the weight the court afforded the mitigating and aggravating factors was "so irrational or arbitrary that no reasonable person could agree." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

C.

Third, Angelo claims the trial court abused its discretion in denying his *Romero* motion.

"[A] trial court may strike or vacate an allegation or finding under the Three Strikes [L]aw that a defendant has previously been convicted of a serious and/or violent felony . . . 'in furtherance of justice.'" (*People v. Williams* (1998) 17 Cal.4th 148, 158, quoting § 1385(a).) We deferentially review *Romero* rulings for abuse of discretion and "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though [the defendant] had not previously been convicted of one or more" strikes. (*Id.* at pp. 161-162.) As the circumstances must be "'extraordinary'" for a defendant to "'be deemed to fall outside the spirit'" of the Three Strikes Law, "the circumstances where no reasonable people could disagree that the [defendant] falls outside the spirit of the [T]hree [S]trikes

10

scheme must be even more extraordinary." (*Carmony*, 33 Cal.4th at p. 378, quoting *People v. Strong* (2001) 87 Cal.App.4th 328, 338.)

Angelo relies primarily on the remoteness of the 2006 strike prior compared to the offense to justify striking his strike. On appeal, he also contends he has not been convicted of any violent offenses since; he suffers from mental illness, trauma, and substance abuse problems that contributed to his criminal behavior; he was intoxicated when committing the offense; "he is willing and has the ability to rehabilitate himself"; he has "expressed his remorse and regret"; he has strong family support; he "was described as a good employee"; and he is 37 years old and would nonetheless serve a lengthy sentence were his strike prior stricken.

The People counter that the circumstances here are not extraordinary. Angelo has a lengthy criminal history; has repeatedly violated the terms and conditions of parole and PRCS; and was on probation when he committed this offense. Given his "inability to live a crime-free life" for any length of time since his strike offense, the People claim its temporal remoteness is not meaningful for mitigation purposes. The People argue the trial court appropriately considered the mitigating factors Angelo raises and acted within its discretion in concluding they did not warrant the strike's dismissal.

We conclude the trial court did not abuse its discretion in finding the remoteness of the strike offense did not merit striking it. The court aptly relied on *Beasley*, in which the court of appeal determined the trial court had abused its discretion in striking the defendant's prior strikes. (*Beasley*, 81 Cal.App.5th at p. 498.) There, as here, the defendant had a long period— 23 years—between his last strike and the armed first degree robbery for which he was being sentenced, but he spent most of that time in prison and was on parole at the time of the offense. (*Id*. at p. 501.) *Beasley* found the

11

relatively small sum of money taken did not support dismissal of the defendant's strikes, and it concluded the defendant's early acknowledgement of wrongdoing could not outweigh the many aggravants, including that he had served multiple prison terms, was on parole when he committed the crime, used a weapon in the crime, and had previously performed unsatisfactorily on parole. (*Id.* at pp. 501-502.)

Here, the trial court noted that Angelo spent a significant period of time in prison and committed other offenses and numerous parole and PRCS violations in the interval between the strike and the offense. Many of the aggravants are similar to those in *Beasley*. Although Angelo did not use a weapon in the commission of his offense, he had a loaded firearm on him despite having been prohibited from owning one since 2006. The present offense is also a grave one: Angelo's actions killed Wohlford, unlike in *Beasley*. On this substantial evidence, a reasonable factfinder could conclude that striking Angelo's strike prior would not further justice. The trial court accordingly did not abuse its discretion in so deciding.

D.

Fourth, Angelo argues his sentence on count 4 should have been stayed under section 654(a), which provides that a defendant may be charged with and convicted of multiple crimes arising from a single "act or omission," "but in no case shall the act or omission be punished under more than one provision." Angelo relies on *People v. Lopez* (2004) 119 Cal.App.4th 132, 138 (*Lopez*), for the proposition that "'[w]here, as here, all of the ammunition is loaded into the firearm, an "indivisible course of conduct" is present and section 654 precludes multiple punishment.'"

As the record establishes Angelo had a loaded firearm but no ammunition separate from that loaded in the firearm, the People concede the

trial court should have stayed, rather than run concurrently, the sentence on count 4. On *Lopez*'s persuasive reasoning, we agree, accept the People's concession, and modify the judgment to stay the sentence on count 4. (*People v. Sta Ana* (2021) 73 Cal.App.5th 44, 64.)

E.

Finally, Angelo argues the trial court abused its discretion in imposing the upper term because it (1) improperly considered aggravating factors not found true beyond a reasonable doubt, and (2) misweighed the mitigating and aggravating factors. To the extent Angelo passingly refers, with no citations to the record or legal authority and no developed argument, to factors "not improperly dually used," we agree with the People that Angelo has waived any "dual use" claim. (See *People v. Sorden* (2021) 65 Cal.App.5th 582, 603.)

Because a trial judge possesses inherent and broad sentencing discretion, the judge's "exercise of that wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious[,] or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) A reviewing court "err[s] when it reweigh[s] the circumstances in [aggravation and] mitigation rather than limiting its review to whether the sentencing court abused its statutory discretion." (*Id.* at p. 317.)

With these principles in mind, we conclude the trial court did not abuse its discretion in imposing the upper term. As the People argue, the court referenced and considered judicially determined aggravating factors only in deciding between the low and middle terms, expressly acknowledging those factors could *not* "justify the high term." Meanwhile, in deciding the upper term was warranted over the middle, the court explained its reliance on the three admitted aggravating factors. The court rightly acknowledged that any

13

one of them alone would have justified the upper term (see *People v. Hall* (2023) 97 Cal.App.5th 1084, 1106) and concluded that collectively, even with the presumptive low term, they justified the upper term. As the record does not support Angelo's claim that the court considered improper factors in selecting the upper term, the authorities on which he relies are inapplicable. To the extent Angelo contends the trial court misweighed proper and relevant factors, on this record, we cannot conclude the court's weighing of the factors was "so irrational or arbitrary that no reasonable person could agree." (*Carmony*, 33 Cal.4th at p. 377.) That reasonable people could weigh the factors and come to a different result is not a basis for reversal. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978.)

### III.

We modify the judgment to stay the four-year sentence for possession of ammunition by a prohibited person (§ 30305(a)(1); count 4) under section 654. As so modified, we affirm the judgment in all other respects. We direct the superior court to enter and transmit to the Department of Corrections and Rehabilitation a new order and abstract of judgment reflecting this modification.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

RUBIN, J.

14